FORD v. STATE.

Opinion delivered October 12, 1901.

CONSTITUTIONAL LAW—CONTEMPTS.—An act of the legislature prescribing the punishment for a contempt committed by disobedience of a court's process is in violation of art. 7, § 26, of the constitution, which provides that "the general assembly shall have power to regulate by law the punishment of contempts not committed in the presence or hearing of the courts, or in disobedience of process."

Certiorari to Mississippi Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

*Will J. Driver,* for petitioners.

Under our statute the punishment for contempt cannot exceed a fine of $50 and an imprisonment for ten days. Sand. & H. Dig.,

§ 686; 22 Ark. 151; 44 Cal. 475; 44 Ia. 580; 24 Kan. 214. Certiorari is the proper remedy when the court has exceeded its jurisdiction. 29 Ark. 173; 52 Ark. 213; 30 Ark. 17; 23 Ark. 107.

*G. W. Murphy, Attorney General,* for respondent.

The legislature has no power to impose limitations upon the authority of the courts to punish contempts by disobedience of process. *Cf.* art. 7, § 26, Const. Ark.; 16 Ark. 384; *id.* 151; 78 Am. St. 157; S. C. 111 Ga. 168.

WOOD, J. Petitioners, Ford and Beatty, were each adjudged guilty of contempt of court by the chancery court of Mississippi county; said contempt consisting in disobedience to a process of injunction issued by said court. One was fined in the sum of $500, and the other in the sum of $100. This proceeding is by certiorari to quash the judgment, on the ground that the punishment imposed was in excess of the court's jurisdiction. Art. 7, § 26, of the constitution is as follows: "The general assembly shall have power to regulate by law the punishment of contempts not committed in the presence or hearing of the courts or in disobedience of process." This constitutional provision is couched in such strong affirmative terms as to clearly evince a purpose to limit the power of the legislature to regulate the punishment of contempts to cases where the contempt is not committed in the presence or hearing of the courts, or in disobedience of process. Therefore the legislature, in attempting to prescribe punishment for a contempt committed by disobedience of the court's process, passed the bounds set by the fundamental law.

Affirmed.