## BRYAN v. STATE.

Opinion delivered April 17, 1911.

1. CONTEMPTS—POWER OF LEGISLATURE TO REGULATE.—Under Const. 1874, art. 7, § 26, providing that the General Assembly shall have power to regulate by law the punishment of contempts not committed * * * in disobedience of process," it is not within the power of the Legislature to regulate contempts in disobedience of process. (Page 165.)

2. SAME—DISOBEDIENCE OF PROCESS.—Resistance of process or evasion or circumvention of an officer in the service of process, when it amounts to contempt of court, is disobedience of process, within art. 7, § 26, of the Constitution. (Page 166.)

3. SAME—DISOBEDIENCE OF PROCESS.—The due administration of justice may be disturbed, and therefore contempt committed, by unlawfully hindering, delaying or interfering, or attempting to interfere, with the proper execution of legal process. (Page 166.)

4. SAME—HINDERING SERVICE OF PROCESS.—Where a party hinders or prevents the prompt service of process by deception or artifice, he is guilty of contempt of court, even though there is no force or intimidation or direct refusal to obey the process. (Page 166.)

5. SEARCH WARRANT—SUFFICIENCY.—A search warrant is sufficiently definite which describes the articles to be seized as "certain gambling

devices and tables known as faro bank, roulette and crap tables, adapted and devised and designated for the purpose of playing games of chance and at which money or property may be won or lost." (Page 166.)

Certiorari to Garland Circuit Court; *W. H. Evans*, Judge; affirmed.

*E. W. Rector*, for appellants.

1. The description in the affidavit and warrant of the property to be searched for is insufficient. It is not described with that particularity required by the Constitution. Art. 2, § 15, Const. 1874; 13 Mass. 286; 7 Am. Dec. 151.

2. The legislative enactment on the subject of contempts, ch. 28, Kirby's Digest, is authorized by the Constitution and is exclusive; and in this case, in the absence of a showing of wilful resistance by appellants to the lawful order or process of the court, there is no contempt. Mere passive inactivity, indirection or circumvention is not sufficient. Art. 7, § 26, Const.; Kirby's Dig. § § 719, 720; 29 Cyc. 1329; 123 La. 1085; 49 So. 715; 37 Wis. 196; 8 Biss. 439, Fed. Cas. No. 15667.

3. The court erred in assessing a fine of more than $50 each. Kirby's Dig., § 721.

*Hal L. Norwood*, Attorney General, and *William H. Rector*, Assistant, for appellee.

1. The affidavits upon which the warrants were issued describe particularly the kind and nature of the gambling devices to be seized, and the purpose for which they were being kept. That was sufficient. The warrants need not describe the property with the same particularity. The warrants being regular on their faces and issued by a court having jurisdiction to do so, the officer was protected by law in executing them, and the effort to resist the execution of them was contempt of court. 95 Ark. 185.

2. The statute relied on by appellants has no application to this case. The contempt disclosed by the evidence in this case is not such a contempt the punishment of which the Legislature can regulate. The power to punish such contempts is inherent in the court; but, even if the court were bound by the strict letter of the statute, which is not conceded, the evidence shows a resistance within the meaning of the statute. 9 Cyc. 20; *Id.* 67 and cases cited; 63 Fed 951.

3. Sec. 721, Kirby's Digest, applies only to that class of contempts for which the Legislature has the right to provide the punishment.

McCulloch, C. J. The petitioners, Charles Bryan and Charles Bryan, Jr., were adjudged guilty of contempt of court by the circuit court of Garland County, each being fined in the sum of $150, and they have brought the record here by writ of certiorari for review. The contempt is alleged to have consisted of obstructing, delaying and hindering an officer in the service of a warrant commanding him to search a certain building in the city of Hot Springs for gambling devices, commonly called faro-bank, roulette and crap tables. Information was filed by the prosecuting attorney of that circuit, setting forth the facts which were alleged to constitute the offense. Petitioners were brought in by warrant of arrest, and a trial of the cause resulted as above stated.

The evidence tends to show that the petitioners were running a gambling room in the city of Hot Springs at the time the warrants were issued. About the time the warrants were issued, or shortly thereafter, some one gave information to the proprietors that a raid was about to be made, whereupon the patrons of the house departed, and the doors were closed. When the officers reached the room, they found one of the Bryans standing on the outside, and demand was made on him for the key, which he denied having in his possession. A short time elapsed before the officers were able to effect an entrance, and the testimony warrants the conclusion that in the meantime the gambling devices described in the warrant were removed and secreted. They were found, however, by the officers. The evidence justified the finding that an attempt was made to evade and circumvent the service of the warrant and the seizure of the articles named, and that the officers were hindered and delayed in executing the process. But no violence was used or offered.

The first question presented in the case by learned counsel for the petitioners is that this conduct does not constitute criminal contempt of which the court may take cognizance. They rely upon a provision of our statute on the subject of contempts which, in part, defines same to be "resistance wilfully offered by any person to the lawful order or process of the court." Kirby's

Digest, § 720, 4th subdivision. They insist that this language must be construed to mean some sort of overt act in the wilful resistance or obstruction of process, and not mere evasion or circumvention of the officers. The statute does not, however, control, for it is not within the power of the Legislature to regulate punishments of contempts in disobedience of process. Art. 7, § 26, Constitution; *Ford* v. *State,* 69 Ark. 550. The resistance of process, or evasion or circumvention of an officer in the service of process, where it is sufficient to amount to contempt of court, is disobedience of process, and therefore falls within the language of the Constitution, which in effect forbids regulation by the Legislature. So we must determine this case without the aid of statutory definition. This disposes also of the contention that the fines were in excess of the amount prescribed by the statute. We find the rule sustained by the authorities stated in the Cyclopedia of Law & Procedure, vol. 9, page 20, as follows: "The due administration of justice may be disturbed, and therefore contempt committed, by unlawful hindering, delaying or interfering, or attempting so to do, with the proper execution of legal process."

The cases cited do not reach directly to the same kind of acts as shown by the testimony in this case, but we are of the opinion that the acts here shown constitute a contempt of court. The power to punish for contempt is inherent in the courts themselves, and is exercised for the purpose of preventing hindrance or interference with the execution of their process. If a party hinders or prevents the service of process by deceiving the officer, or by circumventing him by any means, the result is the same as though he had obstructed by some direct means. The intentional hindrance of the service of process is the thing which constitutes the contempt, rather than the particular means by which it is accomplished. It is unnecessary to go to the extent in this case of holding that merely secreting property, which the officer is seeking to seize, constitutes contempt; but where, as in this case, the officer, by some device or deception, is hindered or delayed in the prompt execution of the process, we hold that this constitutes contempt, even though there is no force or intimidation or direct refusal to obey the process.

It is also urged that the search warrant was void because it failed to describe with sufficient particularity the articles to

be seized.  They were described in the affidavit and in the warrant as "certain gambling devices and tables known as faro-bank, roulette and crap tables adapted and devised and designated for the purpose of playing games of chance and at which money or property may be won or lost," and the warrant commanded the officer to search for these articles in a certain building in the city of Hot Springs, which is accurately described.  We think the description was sufficient, and was as definite a description as could practicably have been given.  Counsel rely upon a decision of the Massachusetts court, where a search warrant was held to be insufficient because it merely described the property "as certain goods, wares and merchandise lodged and deposited" in a certain house or store.  In the present case the designation of the property is more definite than that, and the case cited is without any controlling force.

On examination of the whole record, we are convinced that the evidence sustains the finding of the court, and that there is no error in the judgment.

Affirmed.