## SPIGHT *v.* STATE.

### Opinion delivered September 25, 1922.

1. CONTEMPT—INFORMATION PRESENTED BY GRAND JURY—A proceeding for contempt in evading the service of a subpoena issued by the grand jury may be initiated by the court on an information presented by the grand jury, without the affidavit of a third party.

2. CONTEMPT—POWER OF COURTS TO PUNISH.—Crawford & Moses' Dig., § 1485, limiting the amount of fine for contempt, is not a limitation upon the power of courts to punish for contempt in disobedience of their process, in view of Const. art. 7, § 26.

3.  GRAND JURY—EVASION OF PROCESS—CONTEMPT—Evasion of service of subpoena issued by a grand jury as an arm of the court is a contempt of court within Const. art. 7, § 26.

4.  CONTEMPT—EVIDENCE—Evidence *held* sufficient to support a finding that defendant was guilty of contempt in wilfully and contemptuously disobeying a subpoena issued by the grand jury.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*Richard M. Ryan,* for appellant.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. The petitioner, Walter Spight, was adjudged guilty of contempt of court, for evading the service of a subpoena issued by the grand jury of Garland County on the seventeenth day of May, 1922. His punishment was fixed at a fine of $100 and imprisonment for thirty days. The record of the proceedings in the Garland Circuit Court has been brought before us for review on writ of certiorari.

The petitioner insists that the judgment should be quashed, because the information filed by the grand jury was not verified. The information is as follows:

"State of Arkansas v. Walter Spight.

"The grand jury reports that on the 17th day of May, 1922, it issued a subpoena for one Walter Spight to appear forthwith before the grand jury; that after said subpoena was issued the said witness in some way learned that the subpoena was in the hands of the sheriff, and he, the said Walter Spight, wilfully and contemptuously evaded the service of said subpoena; that the conduct of the said Walter Spight in evading service of this subpoena constituted a contempt of the authority of the grand jury and of the court, and the grand jury respectfully requests that the said Walter Spight be punished for contempt. CHARLES GOSLEE, foreman."

Under the rule announced in *Bryan* v. *State,* 99 Ark. 163, the evasion of the service of a subpoena, issued by an arm of the court, is tantamount to a disobedience of the

court's process. A charge of contempt, of this character, may be initiated by the court without the aid of an affidavit of a third party. *Carl Lee* v. *State,* 102 Ark. 122.

The petitioner next insists that the judgment should be quashed because the fine imposed was in excess of the maximum amount fixed by section 1485 of Crawford & Moses' Digest. The Legislature cannot abridge the power of courts to punish as for contempt in disobedience of their process. The Constitution specially reserved this inherent power in the courts, when delegating authority to the Legislature to regulate punishments for contempts. Art. 7, sec. 26, Constitution 1874.

The petitioner next contends that the judgment should be quashed because no disobedience of process could occur until the process was served upon him. The process was placed in the hands of the sheriff between 9 and 10 o'clock a. m. May 17, 1922, and was not served until 5 o'clock p. m. Petitioner complied with the process after service. There was testimony tending to show that he evaded the service of process in the interim. This court ruled in the case of *Bryan* v. *State, supra,* that (quoting syllabus 2) "resistance of process, or evasion or circumvention of an officer in the service of process, when it amounts to contempt of court, is disobedience of process within art. 7, sec. 26 of the Constitution."

Lastly, the petitioner contends that the judgment should be quashed because the evidence is insufficient to support the finding of the court that he wilfully and contemptuously disobeyed the process of court. While there is testimony in the record tending to show that petitioner did not secrete himself to avoid the service of the subpoena, there is also substantial testimony tending to show that he did secrete himself for that purpose. Petitioner knew the grand jury would meet on the 17th and expected to be subpoenaed to appear before it. He was seen in the city that morning. After the issuance of the subpoena, he disappeared and could not be found, although diligent and persistent search was made for him. After the

search proved futile, the judge of the court notified his attorney and one of his bondsmen about 5 o'clock p. m. that unless he appeared forthwith a forfeiture would be taken on his bond in another case. In ten or fifteen minutes thereafter he appeared and submitted to service of the process. There was also evidence tending to show that shortly after the noon hour petitioner was notified over the 'phone by a friend that the sheriff had a subpoena for him.

We think there is substantial evidence in the record tending to show that petitioner was in hiding during the day to avoid service of the subpoena.

No error appearing, the judgment is affirmed.