ELAINE DAVIS WILKINS *v.* BOBBY GENE DAVIS ET AL

5-4485                                    424 S. W. 2d 530

Opinion delivered March 4, 1968

*Bart Mullis,* for appellant.

*Wilton Steed,* for appellees.

CONLEY BYRD, Justice. Elaine Davis Wilkins appeals from the dismissal of her petition to change custody of her son from his paternal grandmother, Martha Davis. In 1962, she filed her complaint for divorce from appellee Bobby Gene Davis. The chancellor, after hearing a number of witnesses for both parties, granted Davis a divorce on his cross-complaint and awarded custody of their year-old son to his mother, Martha Davis. After appellant remarried, she sought change of custody. On February 4, 1963, after a hearing, the court in effect denied the petition by continuing the matter for six months. No further action was taken on that petition. The testimony of the first two hearings is not in the record.

In 1966, Mrs. Wilkins filed the petition here appealed from, in which Martha Davis, the grandmother, was named a party defendant. After hearing the testimony of the parties and their witnesses, the court observed that there was no evidence of any change of circumstances, and entered its decree dismissing her petition.

For reversal, Mrs. Wilkins urges that the trial court erred in refusing to change the custody of the minor child to her, the natural mother. Without the transcripts of the 1962 divorce hearing, at which the chancellor refused to give custody of the baby to either parent and awarded it to Mrs. Martha Davis, and the 1963 custody hearing resulting in the court order continuing the matter for six months, we have no inkling of the evidence that prompted the chancellor's original custody order. However, these were final orders from which no appeals were taken. The general rule in this jurisdiction relative to change of custody is that there must be proof of change of circumstances. Appellant demonstrated that she is making a good home for her husband and two children, but there is no evidence in the record

that this was a change in circumstances from evidence adduced at the prior hearings, or that the welfare of the child would best be served by a change in custody from the stable home of Mrs. Davis where he has remained for a number of years. *Jackson* v. *Jackson,* 151 Ark. 9, 235 S. W. 47 (1921). Under this state of the record, we cannot say the chancellor erred in refusing to change custody.

Appellant next urges that the court erred in refusing to make specific order for overnight and weekend visitation of the boy with his mother. The court order simply stated that "custody should remain vested in Martha Davis subject to the right of reasonable visitations of Elaine Davis Wilkins and her husband, and Bobby Gene Davis and his wife." The court's oral findings obviously contemplate overnight and longer visits with his parents, "to be controlled by the way the child develops." The chancellor, of course, has continuing jurisdiction to make such further orders as may be needed. However, from a review of the testimony it certainly appears that such visitation can be handled among the parties on a workable, reasonable basis, in a climate of cooperation, without necessity for further court order.

Affirmed.