MARJORIE ANN STONE *v.* DANA ALLAN STONE

5-4576                                              427 S. W. 2d 538

Opinion delivered May 13, 1968

*Fred A. Newth, Jr.,* for appellant.

*Bailey, Trimble & Holt,* for appellee.

LYLE BROWN, Justice. This appeal concerns custody rights to the parties' four children. Appellant Marjorie Ann Stone was unsuccessful in her petition to have the custody reinvested in her and she appeals.

Marjorie obtained a divorce and custody of the children in 1963. Apparently because of the tender ages of the children, Dana Stone, father and appellee here, made no contest. One year later Marjorie remarried, on which occasion she delivered the children to Dana. The father petitioned the court for official custody and, with Marjorie in agreement, that petition was granted early in 1964. In 1965 Marjorie petitioned for custody, alleging changed conditions. From the denial of that petition there was no appeal. In 1966 Marjorie filed another petition for custody. At the hearing in June 1966 she offered proof to support five contentions:

(1) She had regained her health; (2) she had a nice three-bedroom home; (3) the income of her second husband had increased to $800 a month; (4) Dana mistreated the children physically; and (5) Dana's personal relations with a baby sitter were immoral.

An extended hearing was conducted. The chancellor decreed that custody remain with the father. From that order there was no appeal.

Comes yet another petition by the mother for change in custody. Her proof at this 1967 hearing covered precisely the five points we have enumerated with respect to the June 1966 hearing. Testimony on one additional matter was interjected and that pertained to her detention of the children beyond the permissible visitation period in 1966. She contended that her holding the children over was because of an agreement with the father. Based on the history of the bitterly contested proceedings, the court found that no such agreement existed. Again the court found no change in conditions. That ruling is the basis of this appeal.

The order of June 1966, wherein the mother's request for custody was denied, was a final, appealable order. Marjorie elected not to appeal so the facts there litigated were put to rest. Before she could prevail on

her 1967 petition it was incumbent on her to produce evidence of changed conditions brought about subsequent to the 1966 decree. *Jackson* v. *Jackson,* 151 Ark. 9, 235 S. W. 47 (1921); *Wilkins* v. *Davis,* 244 Ark. 304, 424 S. W. 2d 530 (1968). To the recited general rule there are some exceptions but it is not argued that any such exception is here applicable.

Initially the trial court sustained an objection to testimony relating to incidents occurring prior to the 1966 hearing. However, at appellant's request, she was permitted to proffer such testimony for the record. Averring to *Swindle* v. *Swindle* 242 Ark. 790, 415 S. W. 2d 564 (1967), appellant asserted that "child custody was a fluid thing" and that any matters, irrespective of time element, which concerned the welfare of a child would be here considered if reproduced for us in question and answer form. What we did hold in *Swindle* was to the effect that if testimony appropriate for our consideration is proffered, it should be by examination of the proffered witness, rather than by a summary statement of what the testimony of the witness would be if present and testifying. Since appellant's proffered testimony at the 1967 hearing was actually in support of contentions litigated in the 1966 hearing, we do not consider the evidence. Our holding on this point was also approved in *Swindle.*

Affirmed.