## Sara L. TALIAFERRO v. William TALIAFERRO

5-5946 483 S.W. 2d 189

Opinion delivered July 17, 1972
[Rehearing denied August 28, 1972.]

Terral, Rawlings, Matthews & Purtle, for appellant.

No brief for appellee.

Carleton Harris, Chief Justice. On April 2, 1971, William Taliaferro and Sara L. Taliaferro were divorced, the court granting a divorce to each from the other.[1] Custody of the three minor children was given to the father with reasonable visitation rights in the mother. It was further ordered that William Taliaferro, appellee herein, pay to Sara Taliaferro, appellant herein, the sum of $10.00 per week to assist her when she had the children for visitation purposes. Both parties were restrained from removing the children from Pulaski County, Arkansas, without

---

[1]This action by the court in granting each party a divorce is not at issue on this appeal, and we express no opinion as to the propriety of such action.

first obtaining approval of the court. In addition, the parties were restrained from threatening and harassing each other, and it was further ordered that the property of the parties should remain "as it was prior to the last marriage of the parties and as it was found by this court". On June 1, 1971, appellant petitioned the court for a change of custody, asserting changed conditions, and it was further alleged that she had reason to believe that appellee was planning to remove the minor children from the state, and she asked that he be enjoined from doing so. Apparently, no hearing was held on this motion, and on June 18, 1971, Mrs. Taliaferro filed a motion asking that Mr. Taliaferro be cited for contempt for removing the children from Pulaski County without the prior approval of the court. On the same day, the chancery court, acting through a special chancellor, entered its order as follows:

"William Taliaferro is hereby directed and ordered to appear in this court on the 24 day of June, 1971, at 9:00 A.M. o'clock, for the purpose of showing cause, if any there be, why he should not be held in contempt of Court for failure to comply with the orders of the Court dated April 2, 1971."

On June 24, the chancery court (acting through another special chancellor) heard the motion for contempt, Taliaferro not being present but represented by counsel, and found as follows:

"1. That plaintiff was served with notice of the hearing by the U.S. Mail and a copy of the receipt is filed herewith.

2. That the plaintiff is in Contempt of this Court for removal of the parties minor children from the bounds of Pulaski County in violation of the Court Order dated April 2, 1971 and is hereby fined the sum of $250.00; that said fine may be expunged by returning the minor children to Pulaski County within 10 days from the date this Order is entered."

Appellee was then ordered to immediately return the children to Pulaski County, and appellant's attorneys were awarded a fee. On July 1, 1971, appellee, through counsel, petitioned the court to set aside the order of June 24, and on

September 2, the matter was heard by the court, the regular chancellor presiding. At that time, Mr. Taliaferro did not appear, nor was there any testimony offered on his behalf, but testimony was given by Mrs. Taliaferro, and a witness on her behalf. At the conclusion of the hearing, the court set aside the order of June 24, 1971, and denied the change of custody. From the order setting aside the June 24 order, and the order refusing a change of custody, appellant brings this appeal.[2]

It is asserted that the court erred in not issuing a restraining order when the petition was filed by appellant on June 1 seeking to restrain the appellee from removing the children from the state. As earlier stated, this petition was apparently never heard by the court, and the record does not reflect the reason therefor. It is not suggested just what relief this court could grant under those circumstances.

In its order of September 2, the court held that the June 24 order was "null and void as it is shown that the plaintiff was not properly served with the petition seeking to hold him in contempt." The meaning of this finding is not entirely clear, but it is established that appellee had notice of the hearing, for a return receipt is exhibited which he apparently signed himself. However, the order directing him to appear, heretofore quoted, does not comply with the holdings of this court. In *Ex Parte Coulter,* 160 Ark. 550, 255 S.W. 15, mentioned by the trial court, the question at issue was the support of Coulter's minor children. This court, quoting from an earlier case,[3] said:

"Under our system of procedure, the accused is entitled to be informed with reasonable certainty of the facts instituting the offense with which he is charged and an opportunity to make defense thereto—his day in court. The different kinds of procedure have been outlined for the punishment of other offenses, but the statute, as to this one, says only that he shall be notified of the accusation and have a reasonable opportunity to make his defense. There must be an accusation before the accused can be notified of it, and there is no reason why the court in session cannot recite that the

---

[2]No brief has been filed by appellee.

[3]*Carl-Lee* v. *State,* 102 Ark. 122, 143 S.W. 909.

matter offending has come to its knowledge, setting it out in an order, and direct a citation thereon to show cause."

The court then cited section 1486, Crawford and Moses Digest, which is identical to the present statute, Ark. Stat. Ann. § 34-903 (Repl. 1962), providing:

"Contempts committed in the immediate view and presence of the court, may be punished summarily; in other cases, the party charged shall be notified of the accusation, and have a reasonable time to make his defense."

The original decree now before us contains several provisions which could have been violated, *viz,* appellee could have failed to pay the $10.00 per week which was to be paid when appellant had physical custody of the children; he could have violated the provision whereby he was restrained from threatening, molesting, or harrassing appellant; he could have attempted to change the *status quo* as to property rights; and finally, he could have violated the provision prohibiting him from removing the children from the state without permission of the court. This last, of course, was the reason for the show cause order being entered but it will be noted that the order does not state that Taliaferro should show cause why he should not be held in contempt of court for violating *that provision;* rather, he is only directed to show cause why he should not be held in contempt "for failure to comply with the orders of the court dated April 2, 1971". Since Taliaferro was not informed with reasonable certainty of the facts constituting the offense, it follows that the order was deficient, and the court did not err in setting it aside.

As to the change of custody, we are unable, from the record before us, to say that the court erred. Of course, to justify a change of custody, the petitioner was required to show a change of circumstances which had occurred subsequent to the divorce. *Stone* v. *Stone,* 244 Ark. 850, 427 S.W. 2d 538. The testimony offered on behalf of appellant is not at all detailed, and there is nothing in the record to reveal the original circumstances that existed when the court granted custody to appellee. In other words,

the record is insufficient for a determination of whether there has been a change in circumstances. It follows that we cannot say that the court's order, here in question, was erroneous.

Of course, if appellant so desires, there is nothing to prevent the issues from being properly presented to the court.

Affirmed.