William H. HOWELL *v.* STATE of Arkansas

CR 73-123                                    514 S.W. 2d 723

Opinion delivered October 21, 1974

*Tackett, Moore, Dowd & Harrelson,* for petitioner.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for respondent.

GEORGE ROSE SMITH, Justice. This is a petition by William H. Howell for a writ of certiorari to review the order of the Miller Chancery Court finding Howell guilty of criminal contempt of court and sentencing him to serve ten days in jail. We stayed the enforcement of the order pending our review of the proceedings — a review that has been delayed by the court reporter's inability to transcribe the testimony promptly. The petitioner contends that the trial court erred in finding him guilty of an offense not specified in the order requiring him to show cause why he should not be punished for contempt of court. We find the petitioner's contention to be sustained by the record.

On December 3, 1971, the trial judge, sitting as a chancellor on exchange, granted a divorce to the petitioner's wife and awarded her the custody of the couple's two-year-old daughter, Susan, with certain visitation rights in the father. Various post-decretal hearings appear to have been held. The present controversy arises from such a hearing held on July 31, 1973, at which the court approved a proposed trip that the petitioner Howell desired to take with his daughter.

No testimony was taken at that hearing. Opposing counsel had jointly conferred with their clients and had agreed upon detailed plans for the trip. It was expected that Mr. Howell and Susan would be gone for about twelve days, stopping at specified places in Oklahoma, at Fayetteville, Arkansas, and at Marshall, Missouri. It was contemplated that Howell's mother, who lived in Oklahoma, would travel with her son and granddaughter for about seven days, including a four-day stop at Fayetteville. Howell's older brother (a doctor) was also to join the group.

The trip was completed as planned, except that Howell's mother was unable to be absent from her job and consequently did not accompany the others, as expected. Upon Howell's return to Texarkana his former wife filed a motion that he be cited for contempt, on the ground that he had failed to make certain telephone calls that he had agreed to make and that Howell's mother had not been present for at least two days during the trip. In response to that motion the trial judge issued an order directing Howell to appear and show cause why he should not be held in contempt "for his failure to

comply with the plan for visitation approved by the Court on the 31st of July, 1973."

At the hearing upon the contempt charge Howell explained that his mother had been unable to leave her job. Needless to say, that was not Howell's fault. He also testified, without contradiction, that at the joint conference with the lawyers, before the trip, he had explained that his mother had a new job and might not be able to make the trip. That possibility, however, was not explained by anyone to the court when the plans were approved.

At the close of the hearing the trial judge found Howell guilty of contempt, upon the sole ground that he had not told the court on July 31 that his mother might not be able to leave her job. The judge pointed out that Howell is an attorney and had a duty to be open with the court and not permit his own lawyer to mislead the court.

We cannot sustain the conviction for criminal contempt. Such a charge must be established by proof beyond a reasonable doubt. *Blackard v. State*, 217 Ark. 661, 232 S.W. 2d 977 (1950). The accused is entitled to be informed with reasonable certainty of the facts constituting the offense, so that he can present his defense. *Taliaferro v. Taliaferro*, 252 Ark. 1078, 483 S.W. 2d 189 (1972).

Here there was no notice, either in the motion for citation or in the show-cause order, that Howell was being charged with a failure to inform the court of his mother's possible inability to leave her work. Had that charge been made, Howell might have engaged additional counsel to act for him, so that his own attorney would be free to testify in his behalf, perhaps taking the blame himself. We cannot say that Howell was not prejudiced by being found guilty of a criminal charge of which he had no notice and therefore no fair opportunity to prepare his defense.

The writ of certiorari to review the trial court's order is granted, and the order is set aside.