Joe EDWARDS *v.* Paul JAMESON, Judge

84-95                                           677 S.W.2d 482

Supreme Court of Arkansas
Opinion delivered October 22, 1984

*Everett & Whitlock,* by: *John C. Everett,* for petitioner.

*Steve Clark,* Att'y Gen., by: *Leslie Powell,* Asst. Att'y Gen., for respondent.

GEORGE ROSE SMITH, Justice. The petitioner, Joe Edwards, was found guilty of criminal contempt of court and was sentenced to a $500 fine and 90 days in jail. Execution of the sentence was superseded to permit Edwards to seek a review by this petition for a writ of certiorari. The controlling question is whether Edwards was given sufficiently specific notice of the charge against him. We find the notice deficient and accordingly grant the writ and remand the cause for further proceedings.

A Springdale bank brought an action in replevin against Edwards to recover hundreds of items of personal property or fixtures to which the bank had acquired title by a foreclosure against a third person and which were at least in part in a building owned by Edwards. Exhibit A to the bank's affidavit for delivery listed the items, in 54 different categories. The court entered three preliminary orders, two of which directed Edwards not to remove from the court's jurisdiction, damage, conceal, or sell any of the property listed on Exhibit A. Those are the orders giving rise to the present contempt proceeding.

The bank tried to take Edwards's discovery deposition, but he refused to say whether he had sold any of the property in issue. The bank moved for an order to compel Edwards to answer such questions. At the hearing on that motion it became apparent that Edwards may have violated the court's

preliminary orders. The facts not being clear, the trial judge asked the bank's attorney if he had evidence that a court order had been violated. The attorney said he could subpoena a witness to make that proof. The trial judge then entered an order directing Edwards to appear on a certain date to show cause why he should not be held in contempt "for violation of the lawful orders of this Court."

At the contempt hearing four weeks later Edwards's attorney admitted having had a reasonable time to prepare his defense, but he objected at the outset to the absence of any pleading asking the court to hold Edwards in contempt. The bank's attorney answered that the court's order to show cause was sufficient under the *Henderson* and *CarlLee* cases, *infra.* The court overruled the defense objection, apparently considering the order to show cause to be sufficient notice. Five witnesses testified at the hearing, at the conclusion of which the trial judge announced his decision and fixed the sentence.

A citation for criminal contempt is not unlike an information filed by the prosecutor in a criminal case. Such a contempt proceeding is usually based upon a litigant's affidavit, but it may also be initiated by the court's own order. In either case the charge must be in writing and must be sufficiently definite to inform the accused person with reasonable certainty of the charge against him. *Henderson* v. *Dudley,* 264 Ark. 697, 704, 713, 574 S.W.2d 658 (1978); *Howell* v. *State,* 257 Ark. 134, 514 S.W.2d 723 (1974); *Roberts* v. *Tatum,* 171 Ark. 148, 283 S. W. 45 (1926); *CarlLee* v. *State,* 102 Ark. 122, 143 S. W. 909 (1912).

Here the only written accusation was that Edwards had violated the court's "lawful orders." No doubt that language incorporated the earlier orders by reference, as in *Henderson,* but the orders broadly restrained Edwards from removing or damaging or concealing or selling hundreds of separate items. There was no specific written charge of a particular violation of the orders. Granted that Edwards may have been on notice at the first hearing that he was suspected of having sold some unspecified items among those listed on Exhibit A, we adhere to our settled rule that in fairness there should

have been a reasonably specific written charge. Here it does not appear that the trial court knew just what violation had occurred until after the second hearing, at the close of which Edwards was held in contempt. The absence of the required specific notice invalidates the court's finding of contempt.

The trial court correctly denied the petitioner's request for a jury trial. Such a trial is mandatory only when the possible imprisonment may exceed six months. *Taylor* v. *Hayes,* 418 U. S. 488 (1974). Here the trial judge was aware of that limitation and imposed only a 90-day sentence. We point out that the better practice in cases of criminal contempt is for the trial judge to announce at the outset whether punishment in excess of six months may be imposed. If the judge does not contemplate the imposition of a greater sentence, a jury is not necessary; otherwise one may be demanded.

The writ is granted, reversing the trial court's judgment, and the cause is remanded for further proceedings.