Louis ETOCH *v.* STATE of Arkansas

00-573                           .                  37 S.W.3d 186

Supreme Court of Arkansas
Opinion delivered January 18, 2001

*John Wesley Hall*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant, Louis Etoch, challenges his conviction on two counts of criminal contempt in the Fulton County Circuit Court. Mr. Etoch argues that the evidence was insufficient to convict him of contempt and that the trial court erred by denying him a jury trial.

On May 21, 1999, the Saline County Circuit Court ordered Mr. Etoch to appear and show cause why he should not be held in contempt for his failure to appear for trial in the case of *State v. Trett*, on April 28, 1999, and in the case of *State v. Johnson*, on April 29, 1999. Mr. Etoch was counsel for the defendant in both cases. He admitted that he did not appear for trial on either date, but denied that his failure to appear for trial was contumacious conduct. Mr. Etoch further asserted that he was entitled to all of the constitutional protections afforded a criminal defendant and requested notice from Judge Kemp of the punishment contemplated for the alleged contempt. In an order filed on August 13, 1999, Judge Kemp stated that the range of punishment available to the court in a contempt proceeding was a sentence of up to one year, a fine of up to $1,000, or both.[1] In light of this information, Mr. Etoch

---

[1] The punishment for contempt authorized by Ark. Code Ann. § 16-10-108(b)(1) (Repl. 1999) may be a fine not to exceed $50.00, imprisonment of no more than ten days, or

requested a jury trial. Judge Kemp recused from the case and it was reassigned to Judge John Norman Harkey, who denied Mr. Etoch's request for a jury trial in an order filed on August 30, 1999.

On the morning of Wednesday, April 28, 1999, the case of *State v. Trett* was called to trial in the Fulton County Circuit Court. Mr. Etoch and his client did not appear. Mr. Etoch did appear that morning in the Brinkley Municipal Court in Monroe County. In response to the charge of criminal contempt for his failure to appear, Mr. Etoch testified that he was unaware that he was scheduled to appear that morning because he had anticipated that the trials ahead of his on the docket would last at least until Thursday morning, April 29, and that he expected someone to call him if his case was going to be called earlier. The State put on evidence, however, that Mr. Etoch made no attempt to ascertain whether he needed to appear for trial on April 28.

Thursday morning, April 29, 1999, Mr. Etoch again did not appear for trial in the Fulton County Circuit Court. Local co-counsel, Larry Kissee, appeared on his behalf to request a continuance in the matter of *State v. Johnson*, which was scheduled for trial that morning.

Mr. Etoch testified in his own defense that he was hospitalized on the night of April 28 for treatment of Giardia Lampa, an infectious bacteria he contracted while on a family vacation in Mexico the previous week. Mr. Etoch remained hospitalized until Friday, April 30. The State's evidence demonstrated, however, that Mr. Etoch was not prepared for trial on April 29 and had no intention of going to trial on that date. The State presented evidence that Mr. Etoch had been physically capable of drafting several pleadings and traveling to Little Rock the day before trial to file a petition for writ of prohibition in the case scheduled for trial on April 29. Furthermore, although Mr. Etoch called his local co-counsel early in the evening to advise him that he could not appear for trial the next day, Mr. Etoch made no attempt to contact the trial court or the office of the prosecuting attorney to inform them that he was ill and would be unable to attend trial the next day.

---

both. We have held that the power to punish for contempt is inherent in courts and they may go beyond the powers given by the statute. *Carle v. Burnett,* 311 Ark. 477, 845 S.W.2d 7 (1993).

On December 23, 1999, Mr. Etoch's charges were tried to the court. At the close of all the evidence, the following colloquy occurred:

> THE COURT: I'm guessing that neither side wants oral argument or do you?
>
> DEFENSE COUNSEL: We request to brief the legal issue.

The court then recessed.

On January 7, 2000, Judge Harkey sent a letter to counsel requesting that both parties submit to the court a proposed decree suggesting (1) guilt or innocence, and (2) punishment. Both parties complied, submitting to the court proposed decrees favorable to their respective positions. In his proposed decree, Mr. Etoch argued several alternative factual and legal reasons why he should be found not guilty of both charges. On February 1, 2000, the Fulton County Circuit Court entered two orders finding Mr. Etoch to be in criminal contempt for failing to attend court on April 28 and 29, 1999. From these orders comes this appeal.

■ For his first point, Mr. Etoch argues that the trial court erred by denying his motion for a jury trial. For his second point, he argues that the evidence was insufficient to support a finding of guilt on either charge of criminal contempt. "Double jeopardy considerations require this court to consider a challenge to the sufficiency of the evidence prior to other assignments of trial error." *Dixon v. State*, 327 Ark. 105, 108, 937 S.W.2d 642 (1997) (citing *Yocum v. State*, 325 Ark. 180, 925 S.W.2d 385 (1996)).

Arkansas Rule of Criminal Procedure 33.1 provides:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment.

■ ■ Rule 33.1 is strictly construed. *Thomas v. State*, 315 Ark. 504, 507, 868 S.W.2d 483 (1994). Mr. Etoch argues that his challenge to the sufficiency of the evidence in this matter is preserved because he filed a proposed order specifying the reasons upon which the charges of contempt should fail. However, the record clearly shows that Mr. Etoch did not make a motion for directed verdict or for dismissal at the close of the evidence. Mr. Etoch did not even submit the proposed order containing his arguments for a finding of not guilty until after the court requested it. By failing to make a timely motion for directed verdict, Mr. Etoch waived his challenge to the sufficiency of the evidence on appeal. Ark. R. Crim. P. 33.1(c).

Mr. Etoch next argues that the trial court erred when it denied him the right to a jury in his criminal contempt trial. We agree.

■ "Criminal penalties may not be imposed on an alleged contemnor who has not been afforded the protections that the Constitution requires of criminal proceedings." *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988). However, "petty contempt like other petty criminal offenses may be tried without a jury." *Taylor v. Hayes*, 418 U.S. 488 (1974). "Contempt of court is a petty offense when the penalty actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute." *Id.*

■ Mr. Etoch was actually sentenced to only one day in jail on each conviction, with the sentences to run concurrently. The State argues that, because the sentence actually imposed upon Mr. Etoch was less than six months, he was not entitled to a jury trial under the reasoning of *Taylor v. Hayes, supra.* We adopted the rule set out in *Taylor v. Hayes* in *Edwards v. Jameson*, 283 Ark. 395, 677 S.W.2d 842 (1984). We noted, however, that "the better practice in cases of criminal contempt is for the trial judge to announce at the outset whether punishment in excess of six months may be imposed. If the judge does not contemplate the imposition of a greater sentence, a jury is not necessary; *otherwise one may be demanded.*" *Id.* (emphasis added). Stated in other words, under Arkansas law there is no right to a jury trial in a prosecution for criminal contempt unless the sentence actually imposed upon the contemnor is greater than six months, a sentence greater than six months is authorized by statute, or the trial court announces prior

to trial that it is contemplating a sentence greater than six months in the particular case. Under any of these circumstances, the offense can no longer be considered "petty" because the contemplated sentence exceeds six months' imprisonment. See *Medlock v. State*, 328 Ark. 229, 942 S.W.2d 861 (1997).

The dissent fails to recognize that in *Taylor v. Hayes, supra,* the U.S. Supreme Court did not address the situation where the trial court adopts the better practice recommended by Justice George Rose Smith in *Edwards v. Jameson, supra,* and announces *prior* to the trial that it is contemplating a sentence in excess of six months. In that circumstance, the State itself has determined the contempt is so severe that punishment in excess of a six-month sentence may be imposed. Thus, as we recognized in *Edwards v. Jameson, supra,* the alleged contemnor may demand a trial by jury.

In the instant case, we are confronted with just such a circumstance. Mr. Etoch asked the trial court to specify the range of possible sentences it was contemplating in his case. The trial judge issued an order stating that the range of punishment under consideration was a year in prison, $1000 fine, or both. Because Mr. Etoch was put on notice that the trial court did not consider the contempt charges lodged against him to be petty, he demanded a jury trial. His request was erroneously denied.

We hold that, by setting a range of possible punishment in excess of six months, the trial court removed the charges against Mr. Etoch from the realm of "petty" contempt. As a result, Mr. Etoch was entitled to a jury trial. The judgment of the trial court is therefore reversed, and this matter is remanded for further proceedings.

THORNTON, J., dissenting.

HANNAH, J., not participating.

RAY THORNTON, Justice, dissenting. The majority holds that our *dicta* observation in *Edwards v. Jameson*, 283 Ark. 395, 677 S.W.2d 842 (1984), suggesting that "the better practice in cases of criminal contempt is for the trial judge to announce at the outset whether punishment in excess of six months may be imposed," *id.*, overrules the United States Supreme Court decision in Taylor v. Hays, 418 U.S. 488 (1974). The Supreme Court held that

> [P]etty contempt like other petty offenses may be tried without a jury and that contempt of court is a petty offense when the penalty actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute

*Id.* (emphasis added).

We cited this rule in *Edwards, supra,* for the proposition that the defendant in that case was not entitled to a jury trial on the contempt issue when only a ninety-day sentence and $500 fine was imposed for criminal contempt. Justice George Rose Smith wrote:

> The trial court correctly denied the petitioner's request for a jury trial. Such a trial is mandatory only when the possible imprisonment may exceed six months. *Taylor v. Hayes,* 418 U.S. 488, 94 S. Ct. 2697, 41 L.Ed.2d 897 (1974). Here the trial judge was aware of that limitation and imposed only a ninety-day sentence. We point out that the better practice in cases of criminal contempt is for the trial judge to announce at the outset whether punishment in excess of six months may be imposed. If the judge does not contemplate the imposition of a greater sentence, a jury is not necessary; otherwise one may be demanded.

*Edwards, supra.*

Through *dicta,* Justice Smith mischaracterized the Court's rule in *Taylor, supra,* which provides that a jury trial is not necessary unless the *actual* punishment is greater than six months, and writes that a jury trial may be demanded when the *possible* sentence exceeds six months. This marks the discrepancy in our case law. There should be no need for weighing the merits of the United States Supreme Court's decision against a *dicta* observation in an Arkansas decision.

Here, the punishment *actually imposed* was one day in jail for each of the two offenses. It is obvious that a one-day sentence actually imposed does not meet either prong of the test of petty offenses specifically stated by the United States Supreme Court. The applicable statute, Ark. Code Ann. § 16-10-108(b)(1) (Repl. 1999), expressly authorizes the following punishment for contempt: "[T]he fines shall in no case exceed the sum of fifty dollars ($50.00) nor the imprisonment ten (10) days." *Id.* Judge Kemp stated in his recusal order, charging Mr. Etoch with contempt, that a more

severe sentence of one year per offense could be imposed. We have held that the power to punish for contempt is inherent in the courts, and they may go beyond the powers given by statute. *Carle v. Burnett*, 311 Ark. 477, 845 S.W.2d 7 (1993), and apparently Judge Kemp recognized this inherent power of the courts to impose a more severe penalty. However, Judge Harkey, who heard the case and imposed the sentence for contempt, did not actually impose a sentence that exceeded six months, nor did the sentence exceed the length of the penalty "expressly authorized by statute." *Taylor, supra.* Rather, Judge Harkey imposed a one-day sentence for each offense, thereby meeting both prongs of *Taylor, supra.*

For these reasons, the trial court should be affirmed. Neither the sentence actually imposed nor the penalty authorized by statute come anywhere close to the six months imprisonment that the United States Supreme Court established as a standard in *Taylor, supra,* before a jury trial is required. Thus, the trial court's sentence to one-day imprisonment on each conviction does not warrant a reversal. I respectfully dissent.