RITA W. GRUBER, Chief Judge
Appellant Tina Damron appeals from an order of the Benton County Circuit Court finding her guilty on five counts of indirect criminal contempt pursuant to Arkansas Code Annotated section 16-10-108 (Repl. 2010). For her sole point on appeal, Ms. Damron contends that the court erred in failing to grant her a jury trial. We disagree and affirm.
Tina Damron and Stewart Damron divorced in 2014. The present contempt action arose out of their divorce case. On October 20, 2017, the circuit court ordered Ms. Damron to appear and show cause as to why she should not be held in contempt and incarcerated pursuant to Ark. Code Ann. § 16-10-108 for failure to comply with the circuit court's previous orders. The order listed at least eight alleged violations of specific court orders arising from the divorce proceedings, the substance of which are not at issue in this appeal. The show-cause hearing was set for December 7, 2017.
At the December 7, 2017 hearing, the following colloquy took place:
THE COURT : Pursuant to Ark. Code Ann. § 16-10-108, [Ms. Damron] is on notice as to the citation of contempt in this order dated October 20th as to which orders the Court is wanting to address. She was advised on October *167 20th of her right to counsel, her presumption of innocence, her right against self-incrimination, her right to confront and call witnesses and subpoena witnesses. The standard of proof is beyond a reasonable doubt. And this is pursuant to § 16-10-108, contempt is a Class C misdemeanor. Also under § 5-4-401 with the penalties being anything 30 days or less in the Benton County jail and $ 500 or less in a fine.
MS. DAMRON'S COUNSEL : And, Your Honor, since there are, I believe, eight counts, correct me if I'm wrong, of contempt that puts the maximum punishment range in this case of 240 days, which gets us over the six-month requirement necessary for my client to have a right to trial by jury in this case. We would like to invoke that right.
THE COURT : Denied. Thank you.
MS. DAMRON'S COUNSEL : Your Honor, one final one if I could. This-each one is punishable by up to 30 days but under the inherent powers doctrine,[1 ] you, of course, have the authorization to exceed that. We would like to ask for a statutory cap that you plan to go for each of these counts.
THE COURT : We'll see how the evidence comes in. I'll let you know.
MS. DAMRON'S COUNSEL : Thank you, Your Honor.
At the conclusion of the hearing, the court found Ms. Damron guilty of five counts of indirect criminal contempt under Ark. Code Ann. § 16-10-108 and imposed a total of sixty days' incarceration in the Benton County jail, with thirty days suspended.[2] The court also ordered payment of restitution and fines. The order was entered December 7, 2017, and Ms. Damron filed a timely notice of appeal on December 21, 2017.
On appeal, Ms. Damron contends that the court erred in failing to grant a jury trial. Specifically, she argues that the court's refusal to grant a jury trial, along with the refusal to cap the statutory amount of days she could serve in jail, indicates that she may have been sentenced to six months or longer in jail, which she contends triggers her right to a jury trial. In addition, Ms. Damron suggests that the court's refusal to indicate how long it intended to sentence her if she were found guilty was in violation of Etoch v. State , 343 Ark. 361, 37 S.W.3d 186 (2001). The State responds that Ms. Damron was not entitled to a jury trial and that she is misinterpreting what Etoch requires.
In Etoch , the appellant was charged with two counts of contempt arising out of two criminal proceedings in which he was a lawyer. He requested notice from the circuit court of the punishment contemplated *168 for the contempt and was informed-prior to trial-that it was considering a sentence of up to one year and a fine of up to $ 1000, or both. The appellant requested a jury trial, which was denied. On appeal, the supreme court agreed that the circuit court erred in denying his request for a jury trial:
"Criminal penalties may not be imposed on an alleged contemnor who has not been afforded the protections that the Constitution requires of criminal proceedings." Fitzhugh v. State , 296 Ark. 137, 752 S.W.2d 275 (1988). However, "petty contempt like other petty criminal offenses may be tried without a jury." Taylor v. Hayes , 418 U.S. 488 [94 S.Ct. 2697, 41 L.Ed.2d 897] (1974). "Contempt of court is a petty offense when the penalty actually imposed does not exceed six months or a longer penalty has not been expressly authorized by statute." Id.
Mr. Etoch was actually sentenced to only one day in jail on each conviction, with the sentences to run concurrently. The State argued that, because the sentence actually imposed upon Mr. Etoch was less than six months, he was not entitled to a jury trial under the reasoning of Taylor v. Hayes , supra . We adopted the rule set out in Taylor v. Hayes in Edwards v. Jameson , 283 Ark. 395, 677 S.W.2d 842 (1984). We noted, however, that "the better practice in cases of criminal contempt is for the trial judge to announce at the outset whether punishment in excess of six months may be imposed. If the judge does not contemplate the imposition of a greater sentence, a jury is not necessary; otherwise one may be demanded. " Id. (emphasis added). Stated in other words, under Arkansas law there is no right to a jury trial in a prosecution for criminal contempt unless the sentence actually imposed upon the contemnor is greater than six months, a sentence greater than six months is authorized by statute, or the trial court announces prior to trial that it is contemplating a sentence greater than six months in the particular case. Under any of these circumstances, the offense can no longer be considered "petty" because the contemplated sentence exceeds six months' imprisonment. See Medlock v. State , 328 Ark. 229, 942 S.W.2d 861 (1997).
Etoch , 343 Ark. at 365-66, 37 S.W.3d at 189-90. In Etoch , the circuit court had clearly announced prior to trial that it was considering a punishment of up to one year.
As stated in Etoch , there is no right to a jury trial in a prosecution for criminal contempt under Arkansas law unless (1) the sentence actually imposed on the contemnor is greater than six months, (2) a sentence greater than six months is authorized by statute, or (3) the circuit court announces prior to trial that it is contemplating a sentence greater than six months; none of these is present in this case. Id. There is no dispute that the sentence imposed on Ms. Damron was less than six months and that the statute at issue[3] did not authorize a sentence in excess of six months. The only question is whether the circuit court announced prior to trial that it was contemplating a sentence greater than six months. Based on the colloquy quoted earlier, we cannot say that the court made such a pronouncement.
Ms. Damron's counsel requested a "statutory cap you plan to go for each of these *169 counts," and the court simply responded, "We'll see how the evidence comes in. I'll let you know." There is nothing to indicate from this colloquy that the court contemplated imposing a sentence greater than six months.[4] While Etoch recognizes that "the better practice in cases of criminal contempt is for the trial judge to announce at the outset whether punishment in excess of six months may be imposed," such was not done here. Etoch , 343 Ark. at 365, 37 S.W.3d at 189. Nor do we agree with Ms. Damron's argument that the circuit court's "refusal to indicate how long it intended to sentence [her] if found guilty" was in violation of Etoch . The only question before us is whether the circuit court announced prior to trial that it was contemplating a sentence greater than six months, and based on these facts, we cannot say that there was such a pronouncement. In so holding, we are simply applying the law as set out in Etoch to the facts of this case, and we do not in any way abrogate the inherent power of the circuit court to punish for contempt in disobedience of its orders. See Yarbrough , supra .
Affirmed.
Glover, Vaught, and Brown, JJ., agree.
Gladwin and Hixson, JJ., dissent.

In interpreting Ark. Code Ann. § 16-10-108, our supreme court has held that the provisions of the statute are not a limitation on the power of the court to inflict punishment for disobedience of process. Yarbrough v. Yarbrough , 295 Ark. 211, 213, 748 S.W.2d 123, 124 (1988) (citing Morrow v. Roberts , 250 Ark. 822, 467 S.W.2d 393 (1971) ). The supreme court, citing article 7, section 26 of the Arkansas Constitution, has held that the legislature "cannot abridge the power of the courts to punish for contempt in disobedience of their process; the Constitution specially reserved this inherent power in the courts, when delegating authority to the Legislature to regulate punishments for contempts." Id. (citing Spight v. State , 155 Ark. 26, 243 S.W. 860 (1922) ; Ford v. State , 69 Ark. 550, 64 S.W. 879 (1901) ).

Specifically, Ms. Damron was sentenced to thirty days for one count, ten days each for three counts, and thirty days for another count with thirty days suspended for that count.

Ark. Code Ann. § 16-10-108(b)(1) provides that punishment for contempt is a Class C misdemeanor, and Ark. Code Ann. § 5-4-401(b)(3) (Repl. 2013) authorizes up to thirty days' imprisonment for a Class C misdemeanor.

We note that the abstract does not indicate that Ms. Damron's counsel asked the circuit court to again consider the request.