Kenneth S. Hixson, Judge, dissenting.
Article 2, section 7 of the Arkansas Constitution unambiguously proclaims, "The right of trial by jury shall remain inviolate, and shall extend to all cases at law[.]" Our supreme court recently vigorously upheld this right by holding, "The right to a jury trial is a fundamental, constitutional right that is protected by the Constitution of Arkansas, and procedural rules will not be applied to diminish that right." Tilley v. Malvern Nat'l Bank , 2017 Ark. 343, at 15, 532 S.W.3d 570, 578 (citing Walker v. First Commercial Bank, N.A. , 317 Ark. 617, 622, 880 S.W.2d 316, 319 (1994) ) (emphasis added). While this indispensable fundamental right appears to be clear and inviolate, the majority approves of the circuit court's playing word games with appellant's right.
The issue presented in this appeal is under what circumstance is a person charged with criminal contempt entitled to his or her fundamental constitutional right to a trial by jury. The majority correctly cites Etoch v. State , 343 Ark. 361, 37 S.W.3d 186 (2001), as controlling precedent. A person charged with criminal contempt is entitled to a jury trial under three independent circumstances-(1) "the sentence actually imposed upon the contemnor is greater than six months," (2) "a sentence greater than six months is authorized by statute," or (3) "the trial court announces prior to trial that it is contemplating a sentence greater than six months in the particular case." Id. at 365-66, 37 S.W.3d at 190.
It is essential to understand a circuit court's authority to impose a sentence for criminal contempt to appreciate the principles set forth in Etoch . There are two sources of that authority granted to circuit courts: (1) statutory authority pursuant to article 7, section 26 of the Arkansas Constitution and (2) its inherent authority. In this case, Arkansas Code Annotated section 16-10-108 provides that every court of record shall have power to punish for contempt of court, and the punishment for contempt is a Class C misdemeanor. A defendant's sentence for a Class C misdemeanor shall not exceed thirty days.
*170 Ark. Code Ann. § 5-4-401. Hence, the limit of the circuit court's statutory authority for violating this statute is thirty days. However, our supreme court has repeatedly held that a circuit court's inherent authority granted by the constitution to punish for contempt "committed in the presence or hearing of the courts, or in disobedience of process" cannot be limited by the legislature. See Ark. Const. art. 7, § 26 ; Carle v. Burnett , 311 Ark. 477, 845 S.W.2d 7 (1993) ; Yarbrough v. Yarbrough , 295 Ark. 211, 748 S.W.2d 123 (1988). Hence, the circuit court in the case at bar clearly had the inherent authority to sentence appellant for a period in excess of six months.
That brings us to the issues herein. Since the circuit court clearly had the authority to sentence appellant for a period in excess of six months, did appellant have a right to a trial by jury? That is where our supreme court's holding in Etoch becomes pertinent and controlling. Recognizing that circuit courts have two sources of authority, our supreme court in Etoch illustrated three different and independent circumstances under which a defendant has a constitutional right to a trial by jury.
The second circumstance-a sentence greater than six months is authorized by statute-is clearly fashioned to provide a right to a jury trial when the source of the circuit court's authority is statutory. If the statute provides for a sentence in excess of six months, then the defendant is entitled to a jury trial. I agree with the majority that this subsection does not apply since the applicable statute herein limits appellant to a thirty-day sentence.
The first and third circumstances-the sentence actually imposed on the contemnor is greater than six months and the circuit court announces prior to trial that it is contemplating a sentence greater than six months in the particular case-are fashioned to provide a right to a jury trial when the source of the circuit court's authority is inherent. I agree with the majority that the first Etoch circumstance is not applicable because the actual sentence imposed by the circuit court is not in excess of six months. My disagreement is with the majority's failure to recognize the fundamental constitutional right to a jury created under the third circumstance.
One must appreciate that our supreme court in Etoch held that a right to a jury trial for criminal contempt under the circuit court's inherent authority may be created prospectively or retroactively. The first Etoch circumstance has a retroactive perspective. A reviewing court has the opportunity to review the actual sentence imposed and determine whether the actual sentence exceeded six months. If the answer is yes, the defendant had a right to a jury trial. However, the third Etoch circumstance has a prospective perspective. The right to a jury trial attaches at the announcement of a risk that the sentence may be in excess of six months. A defendant should not be required to wait until the end of trial to determine whether he or she was not afforded the constitutional right to a jury trial. The question is then, because the circuit court had the inherent authority to sentence the defendant in excess of six months, did the circuit court announce at the commencement of the contempt hearing that it was contemplating a sentence in excess of six months? If the answer is yes, then the right to a jury trial was instantly created.
The simple issue here is whether the circuit court "contemplated" a sentence greater than six months. One only has to look at the colloquy between defense counsel and the circuit court to ascertain the answer. Appellant requested a jury trial on the ground that "under the inherent powers doctrine, you, of course, have the authorization to exceed [the thirty days provided *171 in the statute]. We would like to ask for a statutory cap that you plan to go for each of these counts." The circuit court ruled, "We'll see how the evidence comes in. I'll let you know." Does the circuit court's ruling, "We'll see how the evidence comes in. I'll let you know," constitute contemplating a sentence of greater than six months?
There are no cases in Arkansas that define "contemplating." Further, Black's Law Dictionary does not define "contemplating." As such, one can only look to the common definitions of the word. Below are some common definitions:
• to view or consider with continued attention[1]
• to look at or view with continued attention; observe or study thoughtfully[2]
• look thoughtfully for a long time[3]
• spend time considering a possible future action[4]
When appellant asked the circuit court to limit the sentences to the statutory cap of thirty days as a predicate to a right for a jury trial, the circuit court could have ruled, "Yes, I will cap the sentence at thirty days." Clearly, appellant would not have the right to a jury trial. The court could have ruled, "No, I will not cap the sentence at thirty days." Clearly, appellant would have the right to a jury trial. Instead, the court ruled, "We'll see how the evidence comes in. I'll let you know." Substitute the common definitions of "contemplate" to the words used by the circuit court. Did the circuit court consider the sentencing with "continued attention?" Did the circuit court "observe or study the sentencing thoughtfully?" Did the circuit court "look thoughtfully at sentencing for a long time?" Or perhaps did the circuit court "spend time considering the future action" of a sentence greater than six months? If one takes the circuit court at its word, then the answer to each question must be a resounding "yes." This is not a matter of semantics. A defendant's fundamental constitutional right to a jury cannot precariously teeter on the outcome of a word game interjected by the circuit court. Whichever definition one chooses, the circuit court was contemplating a sentence greater than six months. Therefore, under the principles illustrated in Etoch and article 2, section 7 of the Arkansas Constitution, appellant had the fundamental, inviolate constitutional right to a trial by jury. Thus, I would reverse.
Gladwin, J., joins in this dissent.

Merriam-Webster , s.v. "contemplate (v.)," accessed March 4, 2019, http://www.merriam-webster.com/dictionary/contemplate.

Dictionary.com , s.v. "contemplate (v)," accessed March 4, 2019, http://www.dictionary.com/browse/contemplate.

Oxford Dictionaries. Oxford University Press , s.v. "contemplate (v)," accessed March 4, 2019, https://premium.oxforddictionaries.com/definition/english/contemplate.

Cambridge Dictionary. Cambridge University Press , s.v. "contemplate (v)," accessed March 4, 2019, https://dictionary.cambridge.org/us/dictionary/english/contemplate.