FOLSOM v. STATE.

4581                                          224 S. W. 2d 44

Opinion delivered November 7, 1949.

Rehearing denied December 5, 1949.

*Greenhaw & Greenhaw,* for petitioner.

*G. T. Sullins* and *Rex W. Perkins,* for respondent.

GEORGE ROSE SMITH, J. By petition for *certiorari* Joe Folsom asks us to set aside or modify his punishment for contempt of the Washington Chancery Court. The proceeding is a continuation of that considered in *Carnes v. Butt, Chancellor,* 215 Ark. 549, 221 S. W. 2d 416, decided June 20, 1949.

The original complaint was filed by Carl Tune against C. E. Carnes, individually and as a representative of the International Hod Carriers' Building and Common Laborers' Union, Melvin Ham as president of Local No. 107, and Local No. 107 itself. The complaint alleged unlawful interference by the union and its members with plaintiff's performance of a contract to build a warehouse in Fayetteville. The plaintiff's prayer was for an injunction against the defendants, and their officers, agents and members. By consent a temporary injunction was issued on May 4, 1949. Six persons were later cited and punished by the chancellor for their contempt of court in disregarding the temporary injunction. In the earlier opinion, *supra,* we refused to set aside these convictions.

On July 8 petitioner was ordered to show cause why he should not be punished for having violated the injunction. The proof was somewhat more fully developed than in the case of the six original contemnors. It now appears that a standing order of the Washington Chancery Court provided that all docket entries were to be transcribed by the clerk upon the court's record as orders of the court. When the temporary injunction was issued the chancellor made this entry in his docket:

"Orders of the Court

"Carl Tune, Plaintiff,

v.

C. E. Carnes, *et al.,* Defendants.

"5-4-49—By agreement of counsel, temporary restraining order herein is issued. Deft. files motion in short for order requiring filing of bond preliminary to

issuance of restraining order. Hearing on motion on oral evidence. Motion overruled.''

At the hearing on May 4 the defendants were represented by an attorney, but they later employed additional counsel. The latter visited the courthouse on May 6 and examined the clerk's file in the case. They learned that no bond for the temporary order had been filed, but they did not examine the docket upon which the above entry appeared. The clerk testified that he had read the docket entry to one of these attorneys during a telephone conversation on May 5.

Petitioner, Carnes, and all the attorneys then held a conference. No one mentioned the fact that the order had been entered by consent. Petitioner and Carnes were advised that the injunctive order was void for want of a bond. Relying upon that advice the petitioner, who is secretary and business agent of Local No. 107, directed members of his union to resume their picketing. Some of the men inquired about the possibility of being arrested, but petitioner assured them that the order was void and that he would assist in the picketing and go to jail with them.

The chancellor found that petitioner, with knowledge that the injunction had been issued, had directed his men to resume picketing, in violation of the court's order. Petitioner was adjudged to be in contempt, fined $1,000 and sentenced to imprisonment for six months.

A number of petitioner's contentions are based on the premise that our decision in the *Carnes* case should be overruled. This we decline to do. That decision follows the holding and reasoning of the United States Supreme Court in *United States* v. *United Mine Workers of America,* 330 U. S. 258, 67 S. Ct. 677, 91 L. Ed. 884. For us to answer these contentions of petitioner would involve a mere repetition of the principles announced in the case cited.

It is argued that our statute makes the giving of bond a jurisdictional condition to the issuance of a temporary injunction. Ark. Stats. (1947), § 32-207. It is

true that we have so held when no question of consent was presented. *Harahan Viaduct Imp. Dist.* v. *Martineau*, 172 Ark. 189, 288 S. W. 10. But the requirement of a bond is for the protection of the persons enjoined. We can see no reason why they may not, by consenting to the order, waive the protection otherwise provided by the statute. See the *Carnes* opinion, *supra*.

It is suggested that the quoted docket entry shows that the defendants' consent to the injunction was conditioned upon the plaintiff's giving bond. There being no testimony to this effect, we have only the docket entry itself to support this suggestion. It does not necessarily bear the construction now urged. For all we can tell from the language used, counsel first agreed to the order and later asked that a bond be required. The chancellor may have concluded that the defendants could not later complain of an order entered by consent, so that it would be idle to require a bond to secure a nonexistent claim for damages. The docket entry does not recite that the defendants' consent was conditional. We do not feel justified in reading such a provision into its language, especially as the author of the entry did not so construe it at the hearing below.

Petitioner contends that counsel for the appellee unnecessarily encumbered the record with extraneous matter, the cost of which should not be charged to appellant. Petitioner offered to introduce the transcript of the testimony of four witnesses in the Carnes case, but upon the plaintiff's objection the court ruled that the entire record had to be offered. Three of the four witnesses whose transcribed testimony was offered were present in the courtroom and could have been called to testify. Counsel for plaintiff offered to withdraw his objection to the recorded testimony of the fourth witness if petitioner would call those present to testify in person. Petitioner then introduced the entire record in the earlier case, though objecting to the court's ruling. In these circumstances it can hardly be said that one side was more responsible than the other for the enlargement of

the record; so we do not disturb the chancellor's allocation of costs.

It is finally insisted that the punishment is excessive. We agree that it is. The fact that petitioner acted on the advice of counsel is of course not a defense to the charge, but it does lessen the seriousness of the offense. The penalty in a case of this kind, however, serves a dual function. Not only is the contemnor to be punished for his conduct, but, as we said in *Poindexter v. State,* 109 Ark. 179, 159 S. W. 197, 46 L. R. A., N. S. 517, the dignity and authority of the court must be vindicated. Reliance upon the advice of counsel affects the first consideration, but it is nevertheless true that in the eyes of the general public the court's order has been flouted. We have concluded that the judgment should be modified by a reduction of the fine to $500 and of the sentence to thirty days in jail. It is so ordered.

LEFLAR, J. I dissent on the ground that the punishment now imposed upon the defendant, though reduced from that fixed by the Chancellor, remains excessive.

It does not appear from the record in this case that the defendant personally acted in bad faith. He participated in peaceful picketing, but he knew that peaceful picketing was lawful unless it was enjoined by a valid order of the Court. It does not appear that, at the time of his participation, he knew that a consent injunction against such picketing had been issued, though he had made at least some effort to find out about the Court's order. The punishment herewith imposed appears to me to be heavier than is necessary for protection of the ends emphasized by the majority opinion, high and important though they be.