Debra PAGE *v.* STATE of Arkansas

CR 79-127                                        583 S.W. 2d 70

Opinion delivered July 9, 1979
(In Banc)

*Warren H. Webster,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant, age 17, was found in contempt of court after her failure to appear in response to a subpoena as the victim-witness in a rape trial.

Several months previously, she had sworn out a warrant for the arrest of three youths on that charge. The case was set for trial on May 31, 1979, at 9:30 a.m. When court was convened on that date, the state and defense announced ready for trial. The jury and all witnesses were present except the appellant who did not respond when her name was called to be sworn as a witness. Court was recessed for about an hour. Attempts to reach her by phone proved futile. The jury was dismissed and charges against the defendants were also dismissed. A petition for a contempt proceeding was filed against appellant by the state. She was picked up by the sheriff's office about 11:30 a.m. and a hearing was held on the contempt charge at 4 p.m. at which she was represented by court appointed counsel. She was found in contempt, fined $50, assessed court costs of $460, and sentenced to 10 days' imprisonment. Application for relief was made to this court on June 8, 1979, by a petition for writ of certiorari. On that date was granted the writ and ordered appellant released

from jail upon $50 bail. Appellant contends here that the contempt proceeding did not meet due process requirements, the proof was insufficient, and her sentence was excessive. Appellant argues that she was too young, age 17, in view of her difficult circumstances, to act as a mature adult and her actions amounted to immature judgment, carelessness and negligence.

We have the power to modify punishment imposed for contempt. *Morrow* v. *Roberts, Judge,* 250 Ark. 822, 467 S.W. 2d 393 (1971); and *Garner & Rosen* v. *Amsler, Judge,* 238 Ark. 34, 377 S.W. 2d 872 (1964). In *Garner,* we noted that the primary justification of punishment for contempt lies in the "need for upholding public confidence in the majesty of the law and in the integrity of the judicial system." There we stated that it is our practice to modify a judgment for contempt when the ends of justice will be served despite a reduction or remission of the punishment. Here appellant has served 8 days of the 10 day jail sentence. Assuming, without deciding, that the requirements of the law were met, we think the "ends of justice" are fully met by a reduction in appellant's jail sentence to that served and a remission of the $50 fine and $460 court costs.

Affirmed as modified.

FOGLEMAN and HICKMAN, JJ., concur.

JOHN A. FOGLEMAN, Justice, concurring. I concur because appellant was clearly informed by the trial judge of the nature and purpose of the proceeding and the specific charge. Not only was she represented by competent counsel by appointment, but she expressed a clear understanding of the entire proceeding. Not a single question was raised about the charge, the process or the issuance of a subpoena. Consequently, I do not think that these matters can properly be raised on review by this court. It is not a question of subject matter jurisdiction.

I would add that I have not been able to find any authority for the costs of a criminal proceeding to be assessed against a witness who fails to appear in response to a subpoena.

DARRELL HICKMAN, Justice, concurring. I would reverse the judgment in this case, not only for the reasons stated by the majority with which I agree, but more importantly because the court did not have jurisdiction and, therefore, no authority to hold the appellant, Debra Page, in contempt of court.

This contempt was committed, if at all, outside the presence of the court. If a contempt is committed in the presence of the court, there is inherent authority in the court to hold summary contempt proceedings — that is, on the spot without delay. However, if the contempt is committed outside the presence of the court, then there must be an order by the court directing the person charged to appear before the court to answer for certain specified misconduct. In the case of *Ex Parte Coulter*, 160 Ark. 551, 255, S.W. 15 (1923), we stated:

> Under our system of procedure, the accused is entitled to be informed with reasonable certainty of the facts constituting the offense with which he is charged and an opportunity to make defense thereto — his day in court . . . There must be an accusation before the accused can be notified of it, and there is no reason why the court in session cannot recite that the matter of offending has come to its knowledge, setting it out in an order, and direct a citation thereon to show cause. . . .

> There must first be an accusation in some form, made either by the judge himself or by someone in possession of the facts, sufficient to constitute a *prima facie* case, and, upon this accusation, the party charged is notified in order that he may have a reasonable time to make his defense.

We have to my knowledge followed the *Coulter* case without exception. There is no subpoena in the record or an order in this case by the court directing Debra Page to appear before it informing her of the reasons she was being brought before the court, nor was there any reasonable opportunity for her to make a defense.

Apparently the court appointed an attorney who was present that day in the court room to represent her. While the

attorney may well have done his best under the circumstances, being totally unfamiliar with the case and the matter before the court, the record is void of any objection by the attorney to the proceedings and no argument was made by him on her behalf. In fact, after the court issued its rather harsh judgment, a bailiff, who was a bystander, asked the court if it would be all right if she paid out the fine imposed over a period of time. Therefore, I cannot see how her attorney under these circumstances would be held to have waived any notice of any kind.

While the majority and I would essentially reach the same result, there is a principle of law involved here which has been ignored by the majority. The time Debra Page has served in jail cannot be returned to her, but in no way should we condone the action of the court which was in excess of its jurisdiction and authority.