## C. Mac NORTON v. H.A. TAYLOR

89-5                                    772 S.W.2d 316

Supreme Court of Arkansas
Opinion delivered June 19, 1989
[Rehearing denied July 17, 1989.*]

*Bridges, Young, Matthews, Holmes & Drake,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, C. Mac Norton, is a licensed, practicing attorney. He was found to be in contempt of court for refusing to obey appellee's, Judge H.A. Taylor's, order to represent Albert Williams in a probation revocation hearing. The trial court sentenced Norton to twenty-four (24) hours in jail and fined him $600. We reverse.

On May 20, 1988, the State petitioned to revoke Albert Williams' probation. Williams was not indigent. Appellant had represented Williams on two previous occasions when the State had attempted to revoke his probation. The matter was set for a hearing on June 27, 1988.

---

*Newbern, J., not participating.

On May 27, 1988, appellant wrote appellee informing the court that he no longer represented Williams. Appellant was subsequently notified that appellee expected him to appear at the June 27 hearing to represent Williams. Appellant was present at the revocation hearing, and again informed appellee that he no longer represented Williams. Appellee then ordered appellant to represent Williams; however, appellant maintained his position that the court could not lawfully require him to represent the man. Appellee continued with the hearing, and at its conclusion revoked Williams' probation. Appellant took no role in representing Williams at the revocation hearing.

Four days later, on July 1, 1988, appellee had a hearing in which he set aside his decision to revoke Williams' probation, and told Williams to hire an attorney and to report back at a set date for a new revocation hearing. At the same hearing, on July 1, appellee held appellant in contempt of court for refusing to represent Williams at the June 27 hearing. Appellant was at all times respectful to appellee even though he persisted in his refusal to represent Williams.

Appellant does not challenge the trial court's authority to appoint counsel for indigent defendants in criminal cases. Rather, the question he raises is whether appellee had the authority to order appellant to provide legal representation to a non-indigent defendant under the circumstances presented here. The answer is no.

It is not necessary for us to determine whether the attorney-client relationship between appellant and Williams had ended prior to May 20, 1988, because we find that even if that relationship was still in effect, appellee abused his discretion in refusing to allow appellant to withdraw his representation of Williams.

*Lessenberry* v. *Adkisson*, 255 Ark. 285, 499 S.W.2d 835 (1973), is a case with facts remarkably similar to those of the instant case. In *Lessenberry* we explained:

> A client, of course, who has contracted for the services of an attorney, may discharge his attorney with or without cause . . . and it goes without saying that an attorney has the right to withdraw from his contract with a client when

> he does so with the client's consent and approval and when the rights of others, or the administration of justice, are not affected by such action.

The client's consent was not an issue in the instant case. Appellee argues, however, that appellant's refusal to represent Williams affected the administration of criminal justice. That is, if attorneys were permitted to withdraw in such situations, the administration of criminal justice would be disrupted "because each time a petition to revoke were filed, the search for an attorney to represent the defendant would have to be made anew." We do not agree.

As in *Lessenberry*, the trial court did not appoint appellant to represent Williams as an indigent defendant. Rather, appellee ordered appellant to appear in court and represent the non-indigent Williams in a revocation hearing. Further, appellant's letter notifying the court that he did not represent Williams was dated May 27, 1988 — seven days after the State filed its petition to revoke Williams' probation and four weeks before the scheduled hearing date on the revocation petition. In *Lessenberry*, the notice to the court came just nine days prior to the defendant's trial.

In short, appellant allowed the trial court sufficient time in which to make certain Williams obtained other counsel. The administration of criminal justice would not have been disrupted under these circumstances.

Reversed.

GLAZE, J., concurs and would hold the attorney-client relationship had terminated.