Richard ATKINSON *v.* Floyd J. LOFTON, Circuit Judge

91-191                                            842 S.W.2d 425

Supreme Court of Arkansas
Opinion delivered November 9, 1992

*Jeff Rosenzweig,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Richard Atkinson, appealed his citation and conviction of contempt by Judge Floyd Lofton. We remanded for an evidentiary hearing. The evidentiary hearing was stayed until after the trial of Kenneth Ray Clements, the defendant in the case leading to Mr. Atkinson's contempt citation and conviction, to avoid any possible prejudice to Mr. Clements. On May 29, 1992, an evidentiary hearing was held before the Honorable Fred D. Davis, III, Circuit-Chancery Judge. The case is now ready for our consideration. Our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 29(1)(h).

On April 23, 1991, appellant, Richard Atkinson, was appointed by the Honorable Floyd Lofton, Circuit Judge, to assist Kenneth Suggs in the representation of Kenneth Clements in his retrial for capital murder in the shooting death of police officer Ray Noblett. Judge Lofton was assigned to the case following the recusal of the Faulkner County judges. The trial was scheduled for June 24, 1991, only sixty days away. At a pretrial hearing on June 17, 1991, Atkinson moved for a continuance of the June 24 trial date. Atkinson cited the voluminous nature of the discovery

materials and his inability to sufficiently review this material in order to ready and properly present a defense for Mr. Clements by June 24. Judge Lofton held Mr. Atkinson and Mr. Suggs in contempt, removed them both from the case, and fined them each $1,000.00 holding they were negligent in failing to prepare the case and get ready for trial.

On appeal, appellant cites two points for reversal. They are: (1) the contempt conviction should be reversed because Atkinson never received proper notice, opportunity to defend or fair hearing as required under federal and state due process and fair trial guarantees; and (2) the evidence cannot sustain a finding of contempt of court under any formulation. We find the evidence cannot sustain a finding of contempt of court and reverse on this ground, therefore we need not address appellant's first argument.

## SUFFICIENCY OF THE EVIDENCE

In a review of a case of criminal contempt, we view the record in the light most favorable to the trial judge's decision and sustain that decision if supported by substantial evidence. *McCullough* v. *Lessenberry*, 300 Ark. 426, 780 S.W.2d 9 (1989); *Lilly* v. *Earl*, 299 Ark. 103, 771 S.W.2d 277 (1989). In a related case, the defendant, Kenneth Ray Clements, appealed the removal of Richard Atkinson as his attorney. *Clements* v. *State*, 306 Ark. 596, 817 S.W.2d 194 (1991). In *Clements*, we found the removal of Mr. Atkinson as Mr. Clements' attorney improper and said: "we find no support in the record for the trial court's discharge of Mr. Atkinson." *Id.* at 607, 817 S.W.2d at 199. Since we set out the entire record colloquy pertaining to Mr. Atkinson's motion for continuance in *Clements*, we do not find it necessary to repeat that information here, although it is necessary for purposes of our decision. As noted in *Clements*, the court did not actually grant or deny Mr. Atkinson's motion for continuance, instead, the court asked another attorney, Mr. Hartenstein, whom the court had just assigned to help Mr. Suggs and Mr. Atkinson prepare for trial if he could represent Mr. Clements. After a brief recess for Mr. Hartenstein to consult his calendar, Mr. Hartenstein stated he could accept the appointment, although there was no way he could be ready for trial on June 24 as originally scheduled. Whereupon the court relieved Mr. Atkinson and Mr. Suggs, held them both to be negligent in failing to prepare the case and get

ready for trial, held them both in contempt and assessed a fine of a thousand dollars each. The judge also forced Mr. Clements into a catch-22 position where he was compelled to "accept new, unrequested counsel in order to gain a continuance or proceed immediately to trial against the advice of his . . . attorney." *Clements*, 306 Ark. at 608, 817 S.W.2d at 200.

There is no doubt the discovery in the *Clements* case was voluminous and the record reflects that Mr. Atkinson made a good faith effort to digest the material before the June 24 trial date. As Mr. Hartenstein noted during the pre-trial hearing, the transcript from the previous trial alone was sixteen (16) volumes and there were several boxes full of discovery material. At the evidentiary hearing, Mr. Atkinson testified in detail about the extent of the discovery material and the time he spent working on Mr. Clements' case up to the pre-trial hearing. The discovery material consisted of about twenty (20) volumes of grand jury transcripts, approximately eight (8) hours of audiotape, and over one thousand (1000) pages of other material in addition to the transcript from the previous trial. Discovery material was being given to Mr. Atkinson by the prosecutor's office in stages as they were able to prepare it. Mr. Atkinson had received the last installment of discovery material only four (4) days prior to the pre-trial hearing. Mr. Atkinson, who is a sole practitioner, had been working on Mr. Clements' case almost exclusively for over forty (40) hours a week for approximately seven weeks reviewing the material he received through discovery and conducting his own investigation when the pre-trial hearing took place. Mr. Atkinson felt he was not able to spend the time reviewing the material and developing his case that was necessary for his client's best interest. Therefore, he appropriately asked the trial court for a continuance.

Judge Lofton never asked Mr. Atkinson if he would go to trial on June 24th if his motion for a continuance were overruled, nor did Judge Lofton actually rule on the motion, although Judge Lofton did say at one point during the hearing "[i]f I have to give you a continuance, I'm going to find you ill prepared and relieve you from the case and you will not try it at all. I'll get somebody else to do it." We held Mr. Atkinson's removal from the case was improper in *Clements*, 306 Ark. 596, 817 S.W.2d 194. However this is not dispositive of the contempt conviction because as we

noted in *Clements*, "[g]ross incompetence or physical incapacity of counsel, or contumacious conduct that cannot be cured by a citation for contempt may justify the court's removal of an attorney." *Clements*, 306 Ark. at 606-07, 817 S.W.2d at 199 (quoting *Harling* v. *United States*, 387 A.2d 1101, 1105 (1978)). Therefore implying problems with counsel that can be cured by a citation for contempt do not justify the court's removal of an attorney. Thus, our decision in *Clements* that removal of Mr. Atkinson as counsel was improper is not dispositive of the propriety of the contempt citation and conviction.

During the hearing on the motion for continuance, the following exchange occurred between Mr. Atkinson and Judge Lofton:

> MR. ATKINSON: [T]here is no way that defense can be readied and properly presented fairly for this man on the twenty-fourth.

> THE COURT: If that is so, Mr. Atkinson, then the Court will have no choice but to find you negligent and in contempt, and so with Mr. Suggs, because you represented to this Court that you could and would get ready. I sent notices out to you. You both concurred in this trial date. And all I hear you saying is that, "We've sat on our fanny and not done anything about this and we want a continuance." But you can't tell me what it is you want to do. And you have no assurance — I have no assurance that if I give you another thirty days you'll do any more than you have in the last sixty.

When Mr. Atkinson pursued his motion for continuance, continuing to cite the volume of material and his inability to adequately review it in the provided time, Judge Lofton said "[i]f I have to give you a continuance, I'm going to find you ill prepared and relieve you from the case and you will not try it at all. I'll get somebody else to do it." Shortly thereafter, Judge Lofton asked Mr. Hartenstein if he would be able to represent Mr. Clements. Mr. Hartenstein replied there was no way he could represent him by the 24th, Judge Lofton replied he wasn't asking about the 24th and Mr. Hartenstein replied he would accept appointment if the court wanted to appoint him. After a brief recess for Mr. Hartenstein to consult his calendar, the following occurred:

THE COURT: All right. Mr. Atkinson, the motion before the Court is for a continuance. I've asked Mr. Hartenstein if he can accept an appointment.

Mr. Hartenstein, can you?

MR. HARTENSTEIN: Yes, your Honor.

. . . .

THE COURT: You're relieved Mr. Atkinson. Do you want to be relieved?

MR. ATKINSON: No, your Honor.

THE COURT: Do you want to be relieved?

MR. SUGGS: Yes, I do.

THE COURT: Ken Suggs and Richard Atkinson relieved, held to be negligent and failing to prepare case and get ready for trial, and held in contempt of Court and assessed a fine of a Thousand Dollars each to be paid within ten days unless a Notice of Intent to Appeal is filed. Ray Hartenstein and Blake Hendrix are appointed.

By implication, it could be said the court granted the continuance because Judge Lofton relieved Mr. Atkinson from the case after having said "[i]f I have to give you a continuance, I'm going to find you ill prepared and relieve you from the case." However, we found in *Clements* there was no ruling on the motion and we still find there was no clear ruling on the motion. Since there was no ruling, there was no opportunity for Mr. Atkinson to comply with the court's ruling before being found in contempt.

■ We do not find any indication in the record Mr. Atkinson had not been spending enough time working on the case as the trial judge apparently understood him to be saying. Every indication in the transcript of the hearing was that Mr. Atkinson had in fact been working on Mr. Clements' case and had been very busy doing so. An attorney has a duty to "provide competent representation to [his] client." Model Rules of Professional Conduct Rule 1.1 (1987). "Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." *Id.* In any event, it is improper for a judge to hold an attorney in contempt for simply

asking for a continuance as appears to have occurred here. There is no evidence in the record Mr. Atkinson would have disobeyed the court's order and refused to try the case on the 24th if his continuance had been denied. The court's action in holding Mr. Atkinson in contempt for asking for a continuance was arbitrary and unacceptable.

We do not find any evidence supporting the judge's finding of contempt and, therefore, reverse and dismiss the case with prejudice.