Keith CARLE *v.* David BURNETT, Circuit Judge

92-322                                           845 S.W.2d 7

Supreme Court of Arkansas
Opinion delivered January 19, 1993

*Jeff Rosenzweig*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This is an appeal from a judgment finding appellant Keith Carle to be in contempt of the Craighead Circuit Court. Carle, an attorney and sole practitioner in Jonesboro, was sentenced to ninety days in jail for a willful refusal to proceed to trial in the case of *Helen Cater* v. *Lee Cater*. Carle contends the trial judge erred in three respects: in refusing to recognize substantive error in the order being defied, in sentencing him under its inherent power after trying him under a statutory definition of contempt, and in imposing an excessive punishment. Finding merit only in the third point, we modify the punishment imposed and otherwise affirm the judgment appealed from.

Keith Carle represented Lee Cater in a divorce suit with Helen Cater. While that suit was pending Mrs. Cater was subjected to a beating for which she accused Lee Cater. Cater denied the accusation and claimed to have been elsewhere at the time. Mrs. Cater filed suit for damages and on her complaint

criminal charges for assault and battery were brought against Lee Cater.

The civil suit was called for trial in January of 1991 while the criminal case was pending. The suit was passed on motion of the defendant and reset for trial in April. Cater again moved for a continuance, which was denied, but the case was reset for October 21 due to a crowded docket.

On September 24 Cater again moved for a continuance on multiple grounds: his assets were frozen as a result of the divorce case, a key witness was unavailable, a possible conflict because of other cases existed; Cater also asked that Judge David Burnett recuse. Judge Burnett refused to recuse and denied the motion to continue.

On October 18 Cater again moved for a continuance and the motion was heard. Carle argued that the criminal case was scheduled for the same week and that a key witness was unable to attend trial. Judge Burnett determined from the prosecutor that the criminal case could be scheduled so as not to conflict and that the witness could testify by video deposition or her testimony from the criminal trial could be transcribed and introduced. The motion was again denied.

On October 21 with the trial judge, opposing counsel, litigants and a jury panel present and prepared to try the case of *Cater* v. *Cater*, Mr. Carle delivered a notice of his withdrawal as counsel for Lee Cater and refused to proceed.

After satisfying himself that Carle's position was adamant and that he was aware of the consequences, Judge Burnett continued the case, cited Mr. Carle for contempt and recused from the contempt proceedings. Judge Harold Erwin was designated to conduct the contempt proceedings which were tried on December 31 after a pretrial hearing on December 23. At the close of the trial Judge Erwin found Keith Carle to be in contempt of court and sentenced him to ninety days in jail. This appeal followed.

■ Before taking up the arguments, we mention that in an appeal of a case of criminal contempt, we view the record in the light most favorable to the decision of the trial judge and sustain that decision if it is supported by substantial evidence. *Atkinson*

v. *Lofton*, 311 Ark. 56, 842 S.W.2d 425 (1992).

### The Order

As in the trial court, Carle argues that his constitutional and statutory rights were impinged by Judge Erwin's refusal to consider in defense of the contempt charge that Judge Burnett abused his discretion in ordering him to proceed with trial on October 21. Carle cites Ark. Code Ann. § 5-1-111(c) (1987) as requiring a charge to the jury that reasonable doubt on the issue of defense requires acquittal and defines "a defense" as any matter involving an excuse or justification peculiarly within the knowledge of the defendant on which he can fairly be required to introduce supporting evidence.

■ Appellee's brief excepts to that contention, pointing out that Judge Erwin made a finding that Judge Burnett did not abuse his discretion in denying a continuance and ordering the trial to proceed as scheduled. But we need to resolve that rather ambiguous issue, as we think the law is long settled- where the failure or refusal to abide by an order of the court is the issue, we do not look behind the order to determine whether the order is valid. In *Meeks v. State*, 80 Ark. 579, 98 S.W. 378 (1906), we upheld the contempt, refusing at the same time to review the underlying order:

> The court had jurisdiction to render such a decree, and the fact that it was erroneous would not excuse disobedience on the part of those who were bound by its terms until reversed. Nor does the fact that the decree has been appealed from excuse disobedience until the same has been superseded in a manner provided by law. The appeal alone does not stay proceedings under the decree, and as long as the decree remains in force its terms must be obeyed.

That rule was adhered to in *Whorton v. Hawkins*, 135 Ark. 507, 205 S.W.2d 91 (1918) and the principle itself was recently underwritten by the Supreme Court in *United States v. Rylander*, 460 U.S. 752 (1983):

> It would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis

of the order alleged to have been disobeyed and thus become a retrial of the original controversy. The procedure to enforce a court's order commanding or forbidding an act should not be so inconclusive as to foster experimentation with disobedience.

Carle contends that we have looked beneath the order on occasion and recognized substantive error as a defense in contempt proceedings, naming *Atkinson* v. *Lofton*, 311 Ark. 56, 842 S.W.2d 425 (1992); *Arnold* v. *Kemp*, 306 Ark. 294, 813 S.W.2d 770 (1991); *Norton* v. *Taylor*, 299 Ark. 218, 772 S.W.2d 316 (1989) and *Lessenberry* v. *Adkisson*, 255 Ark. 285, 499 S.W.2d 835 (1973). But while it might be possible to read one or more of those cases as an exception to the rule, they are to no avail in this case for reasons that should be readily apparent. The underlying setting of those cases was contempt, but beyond that the similarities begin to fade. In *Atkinson*, the attorney did not defy an order of the court, he was held in contempt simply for asking for a continuance. In *Lessenberry*, we held the attorney was within his right in refusing to represent a client whom he had never agreed to represent and who had proposed a fictitious defense to drug charges. Moreover, the opinion places particular emphasis on the fact that the attorney's refusal did not interfere with the orderly conduct of the court's business.

In *Arnold* v. *Kemp, supra,* as in *Lessenberry, supra,* and *Atkinson, supra,* the actions by the attorneys did not interfere with the orderly conduct of the court's business. Beyond that, the attorneys were challenging on constitutional grounds the fee limitation in criminal cases by the only means available, risking contempt- a challenge this court ultimately sustained.

In *Norton* v. *Taylor, supra,* the attorney was held in contempt for refusing to represent a nonindigent defendant in a probation revocation proceeding as ordered by the circuit court. We held the court was without authority to order the attorney to provide legal services to a nonindigent defendant under the circumstances presented. Unlike Carle, Norton had not undertaken to represent the defendant, nor were his actions disruptive of the court's docket.

In sum, what distinguishes these cases, we believe, from the case at bar, is legitimate and successful challenges to the

validity of a court order, in contrast to a refusal to comply with an order which was clearly within the court's jurisdiction and power, i.e., the denial of a motion to defer the trial of a case.

### Inherent Power

Keith Carle maintains that it was error for the trial court to try him under the contempt statute [Ark. Code Ann. § 16-10-108 (1987)] and sentence him under the inherent power of the court. The statute reads:

> (a) Every court of record shall have power to punish, as for criminal contempt, persons guilty of the following acts, and no others:
>
> (3) Willful disobedience of any process or order lawfully issued or made by it;
>
> (b)(1) Punishments for contempt may be by fine or imprisonment in the jail of the county where the court may be sitting, or both, in the discretion of the court. However, the fines shall in no case exceed the sum of fifty dollars ($50.00), nor the imprisonment ten (10) days.

The standard regarding the inherent power of the court is included in Article 7, Section 26 of the Arkansas Constitution. This provision states:

> The General Assembly shall have power to regulate by law the punishment of contempt not committed in the presence or hearing of the courts, or in disobedience of process.

Carle's argument that he was informed of the offense with which he was charged at the pre-trial hearing and then convicted of another version of which he was not informed is incorrect. At the pre-trial hearing, Carle requested that he be informed of the charges against him. The trial court responded that it would be proceeding under Ark. Code Ann. § 16-10-108(a)(3) and under the court's inherent powers to punish a direct contempt. As to the range of punishment, Carle insisted the court was bound by the statutory limit. The trial judge disagreed but stated that he would work within the range of penalties used

for Class A misdemeanors. Therefore, the appellant was given notice of the offense as required in *Fitzhugh* v. *State*, 296 Ark. 137, 752 S.W.2d 275 (1988).

At the contempt hearing, Carle again attempted to persuade the court that his conduct did not fall under the inherent power of the court. The court rejected the argument, stating, "The court is not going to abandon its inherent powers doctrine, right." (TR. 47.)

■ The power to punish for contempt is inherent in courts and they may go beyond the powers given by statute. *See Henry* v. *Eberhard*, 309 Ark. 336, 832 S.W.2d 467 (1992); *Edwards* v. *Jameson*, 284 Ark. 60, 679 S.W.2d 195 (1984). We have interpreted Ark. Code Ann. § 16-10-108(a)(3) and held that it is not a limitation on the power of the court to impose punishment for disobedience of process. *Yarbrough* v. *Yarbrough*, 295 Ark. 211, 748 S.W.2d 123 (1988).

The implied powers doctrine clearly applies here. This was a direct contempt in the "presence and hearing" of the judge. Although Carle's behavior would not qualify as "disorderly, contemptuous or insolent" due to his demeanor, he still chose to disregard a lawful order of the court.

■ Also, conduct was in "disobedience of process" even though Carle argues that the order did not constitute process because it was not in writing. In *Arkansas Department of Human Services* v. *Clark*, 305 Ark. 561, 810 S.W.2d 331 (1991), the court stated that process in the sense of the statutes is a comprehensive term which includes all writs, rules, orders, executions, warrants, or mandates issued during the progress of an action. Even though the court's order was verbal, Carle's conduct still constituted disobedience of process.

Therefore, Carle's actions in disobeying the court's order fell within the inherent powers of the court to punish for contempt and the court was not bound by the limitations set out in the contempt statute.

### The Punishment

Keith Carle contends the sentence of ninety days in jail is excessive in light of all the facts and circumstances. He submits

that because his sincerity and lack of motive for personal gain are not questioned the sentence is wholly disproportionate to the offense. We agree that the punishment is unduly harsh.

■ Our power to modify punishment imposed for contempt has been recognized in numerous cases: *Page* v. *State*, 266 Ark. 398, 583 S.W.2d 70 (1979); *Dennison* v. *Mobley, Chancellor,* 257 Ark. 216, 515 S.W.2d 215 (1974); *Morrow* v. *Roberts, Judge,* 250 Ark. 822, 467 S.W.2d 393 (1971); *Garner and Rosen* v. *Amsler, Judge,* 238 Ark. 34, 377 S.W.2d 872 (1964); *Fossom* v. *State*, 216 Ark. 31, 224 S.W.2d 44 (1949); *Smith* v. *State*, 28 Ark. App. 56, 770 S.W.2d 205 (1989). In *Garner*, we modified sentences of ten and five days in jail imposed on two attorneys who claimed without basis in fact that a petit jury was "stacked" against their client. Writing for the court, Justice George Rose Smith noted that the principal justification for contempt lies in the need for upholding public confidence in the majesty of the law and in the integrity of the judicial system and "when we have found these ends will be met despite a reduction or even a remission of a jail sentence for contempt it has been our practice to modify the judgment." With that said, the sentences were reduced to two days in jail.

■ While we view the offending conduct in this case with the utmost gravity, we are not persuaded it was prompted by other than a misguided belief that his client's interest required it, however ill conceived that may have been. It has not been shown that this conduct, or anything similar, is repetitive and it seems unlikely there will be a recurrence. Therefore, we believe a punishment of five days in jail and a fine of $500 to be sufficient and in keeping with our prior rulings in such matters. See the cases cited above. With that modification, the order appealed from is

Affirmed.