R.S. McCULLOUGH *v.* STATE of Arkansas

99-314                                        5 S.W.3d 38

Supreme Court of Arkansas
Opinion delivered December 2, 1999

*Brown & Assoc.*, by: *Darrell F. Brown*; and *McCullough Law Firm*, by: *R.S. McCullough*, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. ■ Appellant R.S. McCullough brings this appeal from an order holding him in direct contempt of court and imposing on him a $100.00 fine and forty hours of community service. The court of appeals certified this case to us under Ark. Sup. Ct. R. 1-2(a)(5) (1999). Mr. McCullough argues two points for reversal — (1) the evidence is insufficient to support the trial court's finding that McCullough's disobedience was willful, and (2) the trial court had in other cases failed to apply the law of contempt equally to prosecuting attorneys and defense counsel. Because Mr. McCullough did not raise or preserve his second point at trial, he is barred from arguing that point for the first time on appeal. *Chase v. State*, 334 Ark. 274, 973 S.W.2d 791 (1998). We proceed, and address and decide his first argument only.

Mr. McCullough represented Jimmy Carl Cunningham, Jr., who had been charged with the rape and third-degree carnal abuse of Ricardo Davis, a fourteen-year-old. Trial was set for August 5, 1998, and immediately prior to trial, Mr. McCullough filed a motion wherein he asserted that he had relevant evidence of Davis's prior sexual conduct prohibited by the Rape Shield Statute, Ark. Code Ann. § 16-42-101 (Supp. 1999), that he believed was relevant and should be allowed into evidence. Although provisions (c)(1) and (2)(A) of the Statute provide that a hearing shall be held in camera no later than three days before the commencement of the trial, Circuit Judge John Langston allowed Mr. McCullugh to proceed on his belated motion. The motion reads as follows:

> 1. The defendant has an offer of relevant evidence of the victim's past sexual conduct.
>
> 2. Said conduct shows that the alleged victim has a pattern and practice of falsely accusing and fantasizing about sexual relationships with adult males.
>
> 3. Such evidence would show the absence of mistake or accident.

McCullough told Judge Langston, "[T]here likely will be the advent of other testimony of other conduct that the young man [Davis] has had and initiated with other adult males in the past and I've got some questions and reservations as to whether or not that actually is a Rape Shield matter." Judge Langston disagreed, ruling, "[I]t's specifically covered . . . ." While Judge Langston offered Mr. McCullough the opportunity to elicit testimony in support of his motion, McCullough failed to do so, acknowledging that his witness, Mr. Kwame, although subpoenaed, had not appeared. Judge Langston then admonished McCullough that the hearing on his motion must be completed before they proceeded with the trial. Without further evidence being produced, the judge stated McCullough's proffer was inadmissible and instructed Mr. McCullough, "You may not mention it [the proffered evidence] to the jury in any form." The judge, finding the offered proof irrelevant to any fact issue, instructed counsel that any willful attempt to make reference to prohibited evidence in the presence of the jury would subject counsel to appropriate sanctions.

On the second day of the Cunningham trial, Mr. McCullough called Davis as a witness and asked him about a man named Gary Lewis. Davis said that he had met Lewis in Little Rock, and that Lewis was a member of a ballet troupe or dance group. McCullough then asked Davis, "You accused him [Lewis] of making sexual advances toward you, didn't you?" After Davis said, "I don't recall," the State, with the judge's permission, approached the bench and, out of the hearing of the jury, stated, "This is in violation of the Rape Shield Statute." Judge Langston agreed and ruled McCullough's actions called for sanctions.

Judge Langston later opted for a different judge to hear and consider (1) whether Mr. McCullough's actions during Cunningham's trial constituted contempt, and (2) if sanctions were warranted. Judge John B. Plegge heard the matter on exchange on October 1, 1998. McCullough was the sole witness, but Judge Plegge also had before him the pertinent parts of the transcript of the August 5, 1998, hearing and trial. He also heard additional arguments of counsel for the State and Mr. McCullough.

At the October 1 hearing, McCullough attempted to explain why he pursued his line of questioning with Davis concerning Gary Lewis, despite Judge Langston's ruling just the day before that

similar testimony involving Kwame would be inadmissible. In brief, McCullough argued that the evidence concerning Kwame was covered under the Rape Shield Statute because, in that context, Davis's sexual *conduct* was in issue. There, Kwame's testimony would have been that Davis had made sexual advances toward Kwame. Testimony regarding that kind of conduct, argues McCullough, was distinguishable from his examination of Davis at trial because there, McCullough's questioning of Davis about Lewis was directed at Davis's *credibility*, rather than his *actions*. McCullough's point was that his examination suggested that Davis had falsely accused Lewis of making sexual advances toward him, and that, if he had been allowed to continue with that line of questioning, he would have shown that Davis had recanted that accusation. Therefore, Davis's contact with Lewis did not involve the kind of sexual conduct protected by the Rape Shield Statute because it went to his credibility and not to his conduct.

While McCullough does not now try to justify his actions at trial by asserting Judge Langston erred in treating Kwame's and Lewis's offers of proof the same under the Statute, he does contend that "the plain language of the Statute supports that he reasonably believed that his questioning of Davis was not in violation of either the trial court's order or the Rape Shield Statute." Put in other terms, he concludes there is insubstantial evidence for the trial court to have found he willfully disobeyed Judge Langston's order. We must disagree.

■ McCullough is right in choosing not to argue that Judge Langston's findings of contempt were erroneous because his Rape Shield Statute rulings were wrong. Our contempt law is settled that where the failure or refusal to abide by an order of the court is the issue, we do not look behind the order to determine whether the order is valid. *Etoch v. State*, 332 Ark. 83, 964 S.W.2d 798 (1998); *Carle v. Burnett*, 311 Ark. 477, 845 S.W.2d 7 (1993). However, McCullough is mistaken that there is no substantial evidence to support contempt on his part. The motion McCullough filed on the first day of trial very clearly asserted that he wished to introduce evidence of Davis's conduct which showed Davis had exhibited a pattern and practice of falsely accusing and fantasizing about sexual relationships with adult males. Judge Langston just as clearly ruled such conduct was covered by the Statute, and was irrelevant and inadmissible. Nonetheless, on the next day of trial, Mr. McCul-

lough violated the Judge's order by posing a question suggesting that Davis had falsely accused Gary Lewis of making sexual advances toward Davis. It is significant, too, that Mr. McCullough posed such a question even though Judge Langston had forewarned him that he would be subject to sanctions if he made reference to such prohibited evidence. In addition, McCullough never asked Judge Langston to consider, in camera, the propriety of McCullough's posing such a question to Davis in the presence of the jury. Instead, he asked the question, knowing the subject he was about to address had been specifically mentioned in his motion the day before and ruled on and denied by the judge.

After reviewing the pertinent parts of the transcript of the Cunningham trial and listening to McCullough's and counsel's argument, Judge Plegge found Judge Langston's rulings and orders were clear — a finding with which McCullough's counsel in argument agreed. Judge Plegge also concluded that, even though McCullough had been forewarned against referring to the prohibited evidence at trial, McCullough, through his aggressive advocacy, did so despite of Judge Langston's admonitions. In these matters, this court views the record in the light most favorable to the trial judge's decision and sustains that decision if it is supported by substantial evidence and reasonable inferences. *Etoch*, 332 Ark. at 87, 964 S.W.2d at 800. In doing so, we hold the judge had sufficient evidence to find Mr. McCullough in contempt. Therefore, we affirm.