M. Michael Kinard, Judge, concurring. |14I fully agree with the majority opinion and join in it. There was no clear and definite order requiring appellant to hire an attorney and bring him or her to court and, hence, no contumacious violation of any such order.[9] Even had there been such an order, the trial court would have been without “authority” to have entered it “under the circumstances presented here,”[10] i.e., the trial court did so simply because appellant was not learned in the law and despite the lack of any showing that appellant was “incompetent” under the standard of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and its progeny. Nor was there any evidence that appellant misbehaved in court to an extent that would support a finding of direct contempt. However, regardless of the differences expressed in the majority and dissenting opinions as to whether appellant either violated a clear court order or was disruptive in the courtroom, the one thing that is abundantly clear in this case is that the trial judge’s manner | min communicating to appellant; his absolute refusal to even consider appellant’s request that the judge review the leading United States Supreme Court opinion on the subject at hand; and his decision to summarily hold appellant in contempt for conduct committed outside of court,[11] without notice of the charge and an opportunity for a hearing as required by both the Constitution and statute, were inexcusable. This court should say so, just as it and the Arkansas Supreme Court have in the past regarding another judge. Lilly v. Earl, 299 Ark. 103, 771 S.W.2d 277 (1989); Arkansas Department of Human Services v. Shipman, 25 Ark. App. 247, 756 S.W.2d 930 (1988). My quarrel at this point is not with the fact that the trial judge was mistaken regarding the law about self-representation. See Faretta, supra.[12] My problem is with the judge’s reaction to appellant’s attempt to assert his constitutional right. . It is beyond dispute that no written order on the subject was ever entered. Moreover, as the majority opinion makes plain in its extensive quotation of the colloquies between the court and appellant, the only clear oral direction by the trial court was that appellant would not be allowed to represent himself at trial. Again and again, the court stated that, "one way or another,” whether appointed or retained, appellant would "have a lawyer.” Indeed, that was also the last statement made by the trial court at the last court appearance before the one at which appellant was held in contempt. There was no clearly expressed requirement that appellant bring an attorney to court with him. As further demonstrated in the majority opinion, it was not even decided that appellant did not qualify for an appointed lawyer until literally seconds before the contempt finding. . The standard used by the supreme court in Norton v. Taylor, 299 Ark. 218, 219, 772 S.W.2d 316, 317 (1989), to allow it to go behind the contempt order. . An allegation of contempt that will require proof regarding willfulness is, at most, an issue of indirect contempt and demands notice of the charge and an opportunity for a hearing. Where, as with appfellant’s failure to retain an attorney, the trial court “cannot ascertain by its own observations and without inquiry the operational facts from which an inference of willfulness can be drawn ..., since an innocent explanation (if any existed) would depend on events outside the court,” the case is not appropriate for a summary contempt determination. John E. Theuman, Annotation, Attorney’s Failure to Attend Court, or Tardiness, as Contempt, 13 A.L.R.4& 122, 163 (1982). That has been described as the majority view and as being .consistent. with Arkansas law on the subject. Allison v. DuFresne, 340 Ark. 583, 12 S,W.3d 216 (2000). . Of course, the trial judge's words did make the situation worse. The irony is palpable in the judge’s lecture to appellant regarding the "fact” that lawyers "know the law.” In this case, it was the layman who knew the law regarding the right to self-representation under the Sixth Amendment.