SLIP OPINION

Cite as 2016 Ark. 443

# SUPREME COURT OF ARKANSAS

**No.** CR–16–362

| | |
|---|---|
| JAMES F. VALLEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** December 8, 2016<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT<br>[NO. 16J-CR-15-421]<br><br>HONORABLE THOMAS FOWLER, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

James Valley was found in criminal contempt for failing to appear as counsel at his client's jury trial. Valley filed this appeal.[1] Because the circuit court's contempt finding was supported by substantial evidence, we affirm.

The State filed a criminal information against Sherrie Currie for abuse of an adult on April 21, 2015. The case was filed in the Craighead County Circuit Court. James Valley entered an appearance on Currie's behalf. The circuit court entered a scheduling order on August 10, 2015, setting a motion and plea day for October 2, 2015, and a jury trial for October 19 through October 23. Valley's signature appeared at the bottom of the scheduling order.

---

[1] The notice of appeal states that Valley's client, Sherrie Currie, is the appealing party. However, the order appealed from was the order finding Valley in contempt. Thus, he is the proper party on appeal and should be listed as the named appellant. *See, e.g.*, *McCullough v. State*, 353 Ark. 362, 108 S.W.3d 582 (2003); *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988).

A hearing took place on October 19. Valley filed notice that Currie was changing her plea to not guilty by reason of mental disease or defect. The court quickly ordered a mental evaluation, which took place the morning of October 21 and was conducted by Dr. Thomas. Another hearing took place that afternoon. Based on testimony from Dr. Thomas, the court found that Currie did not have a mental disease or defect and could assist in her defense. The court also stated that the case was ready for trial, which was scheduled to start the next morning, October 22, at 9:00 a.m. Valley objected, however, and asked for a delay so the defense could conduct an independent evaluation of Dr. Thomas's written report, which had yet to be completed. The court denied Valley's request.

At that point, Valley informed the court that he would not be present the next day for trial. He told the court that he had been subpoenaed to be a witness at a trial at the Phillips County District Court in Helena. The court, incredulous, told Valley that the trial would commence nonetheless. The following colloquy took place:

| | |
|---|---|
| THE COURT: | We are going to have a trial tomorrow. |
| MR. VALLEY: | And, Your Honor, you seem to be raising your voice with me. |
| THE COURT: | I'm not raising my voice with you. I'm just telling you we're having trial tomorrow. |
| MR. VALLEY: | Your Honor, I will not be here. |
| THE COURT: | I'm just telling you we're having trial tomorrow, Mr. Valley. |
| MR. VALLEY: | Your Honor, I understand what you said. |

The hearing ended shortly thereafter. The court reconvened the next morning at 9:00 a.m. for the jury trial. Fifty-nine jurors were empaneled. Ms. Currie, the defendant, appeared.

Valley, however, did not. The court released the jury and, upon the State's motion, entered an order to show cause against Mr. Valley for failure to comply with the court's scheduling order.

Valley was served with the order the same day. A hearing on the show cause was held on November 18, 2015. Valley, who was represented by counsel, testified in his own defense. Valley explained that he had been served with the subpoenas in the Phillips County District Court case on Monday, October 19. Valley also admitted that he appeared in court for Ms. Currie's case on Tuesday, October 20, but failed to advise the court of the conflict until the court had ordered Currie fit for trial on the afternoon of Wednesday, October 21. Valley also admitted that he failed to file a motion to quash the subpoena in the Phillips County case. Last, Valley admitted that he appeared as a witness in the Phillips County case rather than appear for Ms. Currie's jury trial.

The circuit court concluded that Valley had willfully violated its scheduling order and found him in criminal contempt. The court noted that Valley had never filed a motion to continue the jury trial due to the scheduling conflict, but simply told the court, "I will not be here." Nor did Valley present the court with the subpoena from the Phillips County case. The court fined Valley $500 and ordered him to repay the clerk for $885 in juror costs and to repay the prosecutor's office $114.80 in restitution. Valley subsequently appealed.

Under the standard of review for a case of criminal contempt, we view the record in the light most favorable to the circuit court's decision and affirm if the decision is supported by substantial evidence. *James v. Pulaski Cty. Circuit Ct.*, 2014 Ark. 305, 439 S.W.3d 19. Substantial evidence is evidence of a sufficient force and character to compel a conclusion

one way or another, forcing the mind to pass beyond suspicion or conjecture. *Id.* The relevant statute provides that a circuit court may punish, as criminal contempt, "willful disobedience of any process or order lawfully issued or made by it." Ark. Code Ann. § 16-10-108 (Repl. 2010). The disobedience of any judgment, order, or decree of a court having jurisdiction to enter it is such an interference with the administration of justice as to constitute contempt. *Perroni v. State*, 358 Ark. 17, 186 S.W.3d 206 (2004). The scheduling of cases is tantamount to a direct order of the court. *Id.*

Valley argues on appeal, without citing much authority and in a very discursive fashion, that he cannot be held in contempt for willfully violating the court's scheduling order because he was under subpoena in another court. Thus, he claims, the circuit court should have granted his motion for a directed verdict. Further, Valley alleges that the court's decision to deny Valley's motion to delay the trial for an independent expert to review Dr. Thomas's fitness report rendered the court's underlying scheduling order invalid. Therefore, "any contempt for failure to comply with that order should and must be reversed and dismissed." Viewing the evidence in the light most favorable to the court's ruling, we hold that substantial evidence supports the contempt finding.

At the outset, we reject Valley's assertion that the court's scheduling order was invalid and that he, accordingly, was under no obligation to abide by it. First, Valley never challenged the scheduling order below, so this argument is not preserved. *E.g.*, *Holland v. State*, 2015 Ark. 318, 468 S.W.3d 782. Indeed, he signed the scheduling order on August 10, 2015, and never challenged it. Second, in considering appeals from a criminal contempt finding, we will not look behind the order to determine whether it is valid. *See James*, *supra*.

Valley's lone citation adheres exactly to this view. *See Etoch v. State*, 332 Ark. 83, 964 S.W.2d 798 (1998). We did note an exception to this general rule in *Etoch*, which is when a "contemnor [is] making a legitimate and successful challenge to the validity of the underlying order." *Id.* at 88, 964 S.W.2d at 801. But Valley cannot challenge the order on this basis: the circuit court clearly had the ability to schedule cases. Under our rules of criminal procedure, "the court shall control the trial calendar and shall provide for the scheduling of cases." Ark. R. Crim. P. 27.2 (2016). So any challenge to the court's scheduling order would have been neither legitimate nor successful.

Next, the fact that Valley was under subpoena in another court does not provide a basis to reverse the circuit court on this record. One case is instructive. *See Perroni*, 358 Ark. 17, 186 S.W.3d 206. There, the defense attorney had two jury trials scheduled at the same time—one in federal court and one in state court. The attorney asked for a continuance in the state case, which the court denied. The attorney consequently failed to appear for the jury trial in state court. The court found the attorney in contempt, and the attorney appealed.

We affirmed. We stated that "state trial judges have an obligation to assure their courts are conducted in an orderly and correct manner. The trial court does so by scheduling cases." *Id.* at 26, 186 S.W.3d at 212. Of particular importance, we noted that the attorney never informed the federal judge of an existing conflict in state court. Had he done so, we stated, "[i]t is most reasonable and plausible to believe [the federal judge] would have deferred to the State to try its case first, since it was set prior to [the federal matter]." *Id.* at

27, 186 S.W.3d at 212. We concluded that the attorney's "failure to address his conflict problem with both the federal and state judges" justified the court's contempt finding. *Id.*

Likewise, in this case, Valley failed to adequately address his conflict problem. He failed to file a motion to quash the subpoena in the Phillips County District Court. He failed to file a motion to continue the Currie matter due to his conflict. Instead, he simply informed the court, the day before trial, that he would not attend.

These failures provide substantial evidence to affirm the circuit court's contempt finding. The court's scheduling order had been in place since August. The Phillips County subpoena was served on October 19. It is reasonable to conclude that, had Valley at least filed a motion to quash the subpoena in light of a pending jury trial, such a request would have been granted by the Phillips County District Court. Or, on the other hand, had Valley filed a motion to continue the Currie matter, the circuit court might have consulted with the district court to devise a solution. The circuit court noted this in his ruling from the bench.

In sum, the failure to appear in one court due to a conflict in another, per *Perroni*, can still amount to willful contempt. Substantial evidence otherwise supports the court's contempt finding. Valley's appeal from that finding therefore fails.

Affirmed.

*James F. Valley*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee