ROBIN F. WYNNE, Associate Justice |! Attorney Jimmy C. Morris, Jr., appeals from an order of the Drew County Circuit Court finding him in contempt for failing to appear on time for a first-degree-murder trial and fining him $4,000. On appeal, he contends that there is no evidence that he willfully disobeyed the circuit court’s scheduling order and, if this court rejects that argument, that the fine should be vacated because it is grossly excessive and does not bear a reasonable relationship to the nature and gravity of his conduct. We affirm thé circuit court’s contempt finding but reduce the amount of the fine to $2,000. The facts of this case are essentially undisputed. Appellant was Demarcus ■Veasey’s defense attorney, and Veasey’s three-day jury trial on a first-degree murder charge was set to begin at 9:00 a.m. on June 7, 2016. Pursuant to the circuit court’s scheduling order, the prosecution and defense counsel were to be present in the court’s chambers at 8:30 a.m. on the first day of trial. The record reflects that appellant had not arrived by 8:30 and had not ^notified the court or anyone else present, including his client, that he would be late. At 9:03, the court informed the prospective jurors that there would not be a trial that day due to defense counsel’s failure to appear. After the court had explained the situation and just as the clerk was about to call the roll so that jurors could be compensated, appellant entered the courtroom at 9:08. After the jury panel had been dismissed, the court asked appellant why he should not be held in contempt for failing to appear at 8:30. Appellant explained that he was late because he had had to drop his eight-year-old daughter off at a summer camp. He said that he dropped her off in Little Rock at 7:31 a.m. When the court asked if he had called anyone to let them know he responded, “We attempted to call, Judge.” Appellant elaborated that he “had to choose between two evils: endangering the welfare of a minor by leaving them with nobody or being here.” He was “hoping that the court would just overlook” him being a little late. Appellant blamed poor cell-phone service from Pine Bluff to Monticello as part of the reason he and his assistant were unable to contact anyone. Neither Morris nor his assistant attempted to call after 8:30; instead they “just kept coming, trying to get here.” In the ensuing discussion, the circuit court indicated that the outcome would likely have been different had appellant notified the court that he would be late or had his tardiness been due to some emergency. As it was, appellant conceded that he knew when he dropped his daughter off at camp that he would be late. The circuit court found as follows: In any event, this is the Court’s decision: Because of the fact that you were late; because of what it cost the State, because it cost your client his right to be tried today; because of the time it cost the Court; and the inconvenience to the State, and all these witnesses, which could have been easily avoided, the Court does believe that you are in willful contempt. Whether it was your intent or not, you certainly knevj <¡—had reason to believe that this Court wouldn’t walk out here at nine o’clock—and you knew you wouldn’t be here at that time. And the cell phone business, if you say that’s the case, I’ve simply not had that experience and I have the same carrier. What to do is this: the Court had considered at first 24 hours in jail plus a fine. I don’t believe, however, since this is a first offense before this Court, although it is an egregious offense, that the 24 hours in jail would be appropriate for this reason. I think that there is something about jail that takes someone’s pride and I’m not here to do that to you. I do believe that a substantial fine is in order. There was a great cost to the State, a great inconvenience to this Court; and I’m sure the jury left wondering what in the world has the legal system come to when there’s a first-degree murder case and without explanation, the defendant’s lawyer has not shown up at 8:30 when ordered or at 9:00 at jury selection. Therefore, there will be a fine in this case and this fine will be in the amount of $4,000. Appellant objected and stated that even if he had to pay witness fees and the jury fees the fine would amount to under $1,000; he told the court that he could not afford a $4,000 fine. The court explained that appellant was the first attorney to fail to appear, that he had shut down trials of other cases that would have otherwise been heard that day, and that he did so without a reasonable excuse. Morris asked the court to reduce the fine. The court declined to “bargain” and rescheduled Veasey’s trial for the week of July 19, 2016. A written order was entered on June 7, 2016, finding appellant in contempt for the reasons stated at the hearing and fining him $4,000 to be paid within ninety days to the Circuit Clerk of Drew County. This timely appeal followed. I. Willfulness On appeal, appellant first argues that the trial court erred by finding him in criminal contempt because his behavior did not constitute a willful violation of the court’s scheduling 1¿order.[1] He cites Arkansas Code Annotated section 16—10— 108(a)(3) (Repl. 2010), which provides that “[e]very court of record shall have power to punish, as for criminal contempt, persons guilty of the following acts and no others ... [w]illful disobedience of any process or order lawfully issued or made by it.” He states that there is no evidence that he “willfully chose to arrive thirty-eight minutes late to court for the purpose of defying the court’s scheduling order.” The standard of review in a case of criminal contempt requires this court to view the record in the light most favorable to the circuit court’s decision and to sustain that decision if it is supported by substantial evidence and reasonable inferences. Perroni v. State, 358 Ark. 17, 25, 186 S.W.3d 206, 211 (2004) (citing Etoch v. Simes, 340 Ark. 449, 10 S.W.3d 866 (2000)). Here, it is undisputed that appellant was significantly late for a first-degree-murder trial and that his tardiness was due to poor planning and not any medical or other unavoidable emergency. Thus, his violation of the scheduling order was not inadvertent, but was the result of his conscious decision to allow himself only fifty-nine minutes to drive from Little Rock to Monticello, a distance of eighty-nine miles. Appellant’s arguments on this point are based on his contention that he did not intend to be late and his characterization of his situation as involving “unexpected” child-care issues; they are unpersuasive. Considering the evidence in the light most favorable to the circuit court’s |fidecision, the court had substantial evidence before it with which to conclude that appellant was in willful contempt of its scheduling order. We affirm on this point. II. Fine For his second point on appeal, appellant argues that even if this court disagrees with his argument regarding the contempt finding, this court should nevertheless vacate the $4,000 fine because it is “grossly excessive, and it bears no reasonable relationship to the nature and gravity of [his] conduct.” Appellant cites Arkansas Code Annotated section 16-10-108(b)(l), which provides that criminal contempt is a Class C misdemeanor. The fine for a Class C misdemeanor is not to exceed $500. See Ark. Code Ann. § 5-4-201 (b)(3) (Repl. 2013). The Arkansas Constitution provides: “Indirect contempt. The General Assembly shall have power to regulate, by law, the punishment of contempts not committed in the presence or hearing of the courts, or in disobedience of process.” Ark. Const, art. VII, § 26. Under our precedent, disobedience of process is no different from disobedience of a court order. Ark. Dep’t of Human Servs. v. Clark, 305 Ark. 561, 810 S.W.2d 331 (1991). This court has held that a judge’s power to punish for criminal contempt is not limited by section 16-10-108. Johnson v. Johnson, 343 Ark. 186, 198, 33 S.W.3d 492, 499 (2000). Moreover, this court specifically interpreted section 16-10-108(a)(3) (willful disobedience of a judge’s order) and held that it is not a limitation on the inherent power of the court to impose a punishment for disobedience of the court’s process or order in excess of the statutory provisions. Id. (citing Yarbrough v. Yarbrough, 295 Ark. 211, 748 S.W.2d 123 (1988)); see also Spight v. State, 155 Ark. 26, 243 S.W. 860 (1922) (“The Legislature cannot ^abridge the power of courts to punish as for contempt in disobedience of their process. The Constitution specially reserved this inherent power in the courts, when delegating authority to the Legislature to regulate punishments for contempts.”). Here, the court was punishing appellant for willful disobedience of a court order. The court was acting under its inherent power and was not limited by the General Assembly’s classification of criminal contempt as a Class C misdemeanor. Accordingly, we reject appellant’s argument that the circuit court was constrained by the $500 limit that the legislature has authorized for a Class C misdemeanor. The question remains whether the $4,000 fíne was an abuse of the court’s discretion. See Conlee v. Conlee, 370 Ark. 89, 98, 257 S.W.3d 543, 551 (2007) (stating that in contempt cases, the trial court has discretion to fashion the punishment to fit the circumstances). The purpose of a criminal contempt proceeding is to preserve the power and vindicate the dignity of the court and to punish for disobedience of its order. Fitzhugh v. State, 296 Ark. 137, 138-39, 752 S.W.2d 275, 276 (1988). This court’s power to modify punishment imposed for contempt has been recognized in numerous cases. Carle v. Burnett, 311 Ark. 477, 484, 845 S.W.2d 7, 11 (1993) (citing cases). For example, in Carle, this- court affirmed a finding that an attorney who willfully refused to proceed to trial was in contempt, but modified his sentence of ninety days in jail to five days in jail and a fine of $500. This court has recognized that the principal justification for contempt lies in the need for upholding public confidence in the majesty of the law and in the integrity of the judicial system, and when we have found these ends will be met despite a reduction or even a remission of a jail |7sentence for contempt, it has been our practice to modify the judgment. McCullough v. State, 353 Ark. 362, 367, 108 S.W.3d 582, 585 (2003) (citing cases). What is appropriate under the circumstances will necessarily vary based on the specific facts of each case. Appellant cites Valley v. State, 2016 Ark. 443, 505 S.W.3d 674, in which an attorney was found in criminal contempt for failing to appear for his client’s jury trial; the, court fined Valley $500 and ordered him to repay the clerk for $885 in juror costs and to repay the prosecutor’s office $114.80 in restitution. Appellant argues that there is “nothing rational” about the disparity in the amount that Valley was ordered to pay for willfully failing to appear and the amount he was ordered to pay for being thirty-eight minutes late. After carefully considering the particular facts of this case, we believe that the purpose of the contempt punishment will be accomplished by a lesser fine. Accordingly, we modify the judgment to reflect a $2,000 fine for contempt. Affirmed as modified. Baker, Hart, and Womack, JJ., concur in part and dissent in part. . As the parties agree, the contempt in this case was criminal in nature. The $4,000 fine is unconditional and is to be paid to the court. Thus, the punishment is punitive in nature as it has no coercive or compensatory aspect. See James v. Pulaski Cty. Circuit Court, Fifth Div., 2014 Ark. 305, 439 S.W.3d 19; Fitzhugh v. State, 296 Ark. 137, 752 S.W.2d 275 (1988).