Cite as 2020 Ark. App. 547

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–20–244

|  |  |  |
|---|---|---|
| | | **Opinion Delivered:** December 2, 2020 |
| NICKY NEELY | | APPEAL FROM THE SALINE |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 63CR-16-378] |
| V. | | |
| | | HONORABLE GARY ARNOLD, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Nicky Neely appeals after the Saline County Circuit Court denied his motion to correct illegal sentence under Arkansas Code Annotated section 16-90-111. Appellant contends that the circuit court erred when it denied his motion to correct illegal sentence because (1) the sentence exceeded the maximum period allowed by law, (2) the sentence was impermissibly ordered to be consecutive, and (3) the sentence was impermissibly ordered to be served day for day without the possibility of good-time or early release. We affirm.

I. *Relevant Facts*

This case comes before us after appellant was tried by a jury for the offense of rape. On July 31, 2018, before appellant's trial on that charge, the circuit court ruled that appellant could not make any reference to a polygraph examination during his testimony. However, in contravention of the circuit court's ruling, during his testimony before the jury, appellant

referenced the fact that he had offered to take a polygraph examination. The jury ultimately acquitted appellant of rape, but the circuit court exercised its inherent authority to hold appellant in criminal contempt for his actions.

Specifically, after appellant's rape trial, the circuit court found appellant guilty of criminal contempt for willfully and deliberately disregarding the circuit court's ruling. A written order was filed on August 29, 2018, making the following relevant findings:

> During the course of the above referenced trial, the Court found that the Defendant, Nicky Neely, was in contempt of court in that he intentionally disregarded an order of the court that he not mention a polygraph during his testimony in his trial for Rape. At a motion hearing conducted on July 31, 2018, the State made an oral motion to have the Defendant instructed that he not make any reference to a polygraph examination during his trial. The Court granted the motion without objection and the requested instruction was given and acknowledged by the Defendant. However, during the Defendant's testimony at trial on August 9, 2018, the Defendant specifically testified that he had offered to take a polygraph examination. At the conclusion of the trial, the Court gave Neely an opportunity to respond to the Court concerning his disregard of the Court's order. The Defendant admitted that he understood the order but nevertheless violated the Court's order.

> The Court specifically finds that the Defendant was aware that his conduct was impermissible and was therefore willful and deliberate. The conduct was obstructive, disruptive and interrupted the proceedings causing the Court to call a recess in the trial. The Court also finds that an immediate punishment is necessary to maintain order and to preserve the Court's authority and dignity.

> For his willful and intentional violation of the Court's order, the Court sentences the Defendant to serve six months in the Saline County jail, to be served day for day and consecutive to any sentence he is now serving.

Appellant did not file a direct appeal from this order.

Thereafter, appellant filed numerous pro se petitions for postconviction relief, including a petition for reduction of sentence, petition for writ of habeas corpus, and motion for jail-time credit. The circuit court denied those petitions, and appellant did not appeal

2

from those orders. Relevant to this appeal, the circuit court specifically noted the following in its February 22, 2019, order:

> The defendant also complains that the punishment prescribed by A.C.A. 16-10-108 is only a C misdemeanor and therefore his sentence of six months in county jail is illegal. A judge's power to punish for criminal contempt is not limited by § 16-10-108. The power to punish for contempt is inherent in the courts, and it goes beyond the power given to judges by statute. *Carle* [*v. Burnett*, 311 Ark. 477, 483, 845 S.W.2d 7, 11 (1990)]; *see also Hodges* [ *v. Gray*, 321 Ark. 7, 11, 901 S.W.2d 1, 3 (1995)]; *See Edwards v. Jameson*, 284 Ark. 60, 679 S.W.2d 195 (1984) wherein the court held that inherent power to punish for contempt resides in all courts, includes the right to inflict reasonable and appropriate punishment, and cannot be removed by enactment of laws to the contrary. Moreover, the Supreme Court has specifically interpreted willful disobedience of a judge's order as not being a limitation on the inherent power of the court to impose a punishment for disobedience of the court's process or order in excess of the statutory provisions. *See Yarbrough v. Yarbrough*, 295 Ark. 211, 748 S.W.2d 123 (1988) in which a six month term of imprisonment was approved. The defendant's argument that his misdemeanor sentence for contempt must run concurrently with his felony sentence fails for the same reason.

On July 17, 2019, appellant filed a motion to correct an illegal sentence through retained counsel pursuant to Arkansas Code Annotated section 16-90-111(a). In this motion, appellant alleged that his sentence for contempt was illegal because (1) it exceeded the statutory range for a Class C misdemeanor under Arkansas Code Annotated section 5-4-401(b)(3) (Repl. 2012); (2) a sentence for imprisonment for a misdemeanor must be run concurrently to a sentence of imprisonment for a felony under Arkansas Code Annotated section 5-4-403(c)(1); and (3) the authority to grant or deny good-time credit to an inmate serving a sentence at a county jail is reserved for the county sheriff under Arkansas Code Annotated section 12-41-101(b) (Repl. 2016). Appellant requested that the circuit court amend his illegal sentence by reducing it to thirty days, by removing the requirement that the sentence be served consecutively to any felony sentence he was currently serving, and by removing the requirement that the sentence be served day for day.

3

The State filed a response on September 13, 2019. It initially alleged that the motion was untimely and should be dismissed because appellant's posttrial motion was not filed within thirty days following the entry of judgment as required by Arkansas Rule of Criminal Procedure 33.3. Moreover, the State argued that the majority of appellant's arguments were previously denied by the circuit court, and appellant failed to timely appeal from those rulings. Finally, the State explained that the statutory provisions cited by appellant did not apply and that they could not serve as a limitation of the "inherent power" of the circuit court to punish appellant for his contempt.

The circuit court held a hearing on appellant's motion on September 17, 2019, and the parties orally argued their respective positions as set out in their pleadings. At the conclusion of the hearing, the circuit court orally denied appellant's motion, and on September 23, 2019, the circuit court filed its written order denying appellant's motion making the following relevant findings:

> For his willful and intentional violation of the Court's order, the Court sentenced the Defendant on August 29, 2018 to serve six months in the Saline County jail, to be served day for day and consecutively to any sentence he is now serving.
>
> The Defendant subsequently filed pro se motions for speedy trial and for reduction of sentence. The Court denied these pro se motions in an order dated February 22, 2019. On July 17, 2019, appointed counsel Lee Short filed a Motion to Correct Illegal Sentence Under A.C.A. 16-90-111 and/or A.C.A. 16-112-101. The current Motion to Correct Illegal Sentence contains essentially the same claims that were previously raised. The defendant urges the Court to correct what he claims is an illegal sentence, arguing three grounds: 1) that the sentence is illegal because it was longer than permitted by law; 2) that the sentence was ordered to be served consecutively to the sentence he is now serving in ADC; and 3) that the Court unlawfully ordered that the sentence should be served day for day.
>
> The Court heard arguments on September 17, 2019. His first point that his sentence is longer than that proscribed for a C misdemeanor and his second point that a consecutive sentence was prohibited were previously rejected by the Court in its ruling from February 22. His third claim of whether the sheriff or the Court

4

should decide how good time credit applies must fail for the same reasons expressed in that ruling. The sheriff's power to determine good time credit for a prisoner is a statutory grant of authority. *See* A.C.A. 12-41-101. Statutory provisions are not a limitation of the inherent power of the Court to punish in a reasonable and appropriate manner for contempt. *See Edwards v. Jameson*, 284 Ark. 60, 679 S.W.2d 195 (1984).

The State argues that the motion is untimely because it does not comply with the limitations imposed by Ark. Rule Crim Pro. 33.3 for post-trial motions. The defendant argues that a correction of an illegal sentence may be heard at any time. For the reasons expressed above, the sentence imposed by this Court was both reasonable and warranted based on the Defendant's direct contempt of court and is not illegal in any regard.

This appeal followed.

## II. *Appellant's Motion to Correct Illegal Sentence*

We first must consider whether appellant's motion to correct illegal sentence was untimely. The State contends in its responsive brief that appellant's motion to correct illegal sentence was untimely because he failed to file his petition for postconviction relief within ninety days of the date of entry of judgment. *See* Ark. R. Crim. P. 37.2. However, appellant filed his motion to correct illegal sentence pursuant to Arkansas Code Annotated section 16-90-111(a), which allows the circuit court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. *See Malone v. State*, 2016 Ark. 379, 501 S.W.3d 807 (per curiam). While the time limitations on filing a petition under section 16-90-111(a) and (b)(1) on the grounds that the sentence was imposed in an illegal manner were superseded in part by Arkansas Rule of Criminal Procedure 37.2(c), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. *Henry v. State*, 2017 Ark. 28, 509 S.W.3d 630 (per curiam). Therefore, appellant's argument that his sentence is illegal on its face is not untimely.

5

Appellant claims that his sentence is illegal on its face because the circuit court lacked the authority to impose it. He argues on appeal that the circuit court erred when it denied his motion to correct illegal sentence for three reasons. He first argues that his six-month jail sentence is illegal because it exceeds the thirty-day maximum punishment allowed for contempt, a Class C misdemeanor, under Arkansas Code Annotated section 16-10-108(b)(1) (Repl. 2010)[1] and Arkansas Code Annotated section 5-4-401(b)(3)[2]. He additionally argues that his sentence for a misdemeanor is illegal because it was required to be run concurrently to a sentence of imprisonment for a felony under Arkansas Code Annotated section 5-4-403(c)(1)[3]. Finally, appellant argues that his sentence was illegal because it was ordered to be served without the possibility of good-time or early release in contravention of the authority granted to the county sheriff under Arkansas Code Annotated section 12-41-101(b) (Repl. 2016).[4] However, for the reasons set forth herein, appellant's arguments lack merit.

---

[1]Arkansas Code Annotated section 16-10-108, titled "Contempt," provides the following in pertinent part: "(a) Every court of record shall have power to punish, as for criminal contempt, persons guilty of the following acts and no others: . . . (b)(1) Punishment for contempt is a Class C misdemeanor."

[2]Arkansas Code Annotated section 5-4-401, titled "Felonies–Misdemeanors–Incarceration," provides the following in pertinent part: "(b) A defendant convicted of a misdemeanor may be sentenced according to the following limitations: . . . (3) For a Class C misdemeanor, the sentence shall not exceed thirty (30) days."

[3]Arkansas Code Annotated section 5-4-403, titled "Multiple sentences–Concurrent and consecutive terms," provides the following in pertinent part: "(c) The power of the court to order that sentences run consecutively is subject to the following limitations: (1) A sentence of imprisonment for a misdemeanor and a sentence of imprisonment for a felony shall run concurrently, and both sentences are satisfied by service of sentence for a felony[.]"

[4]Arkansas Code Annotated section 12-41-101, titled "Good time allowance," provides the following in pertinent part:

Both the Arkansas Constitution and the governing state statute distinguish between direct and indirect contempt. *See* Ark. Const. art. 7, § 26 ("The General Assembly shall have power to regulate the punishment of contempts not committed in the presence or hearing of the courts, or in disobedience of process."); Ark. Code Ann. § 16-10-108 (Repl. 2010); *see also Ark. Dep't of Human Servs. v. Dowdy*, 2018 Ark. 307, 558 S.W.3d 847. Direct contempt is a contemptuous act committed within the immediate presence of the court, and indirect contempt is contemptuous behavior committed outside the presence of the judge. *Dowdy*, *supra*.

It is well settled that summary punishment for contempt committed in the presence of the court is an inherent power reserved to the judiciary and cannot be abridged by legislation. *See Dowdy*, *supra*; *Burradell v. State*, 326 Ark. 182, 931 S.W.2d 100 (1996); *Yarbrough v. Yarbrough*, 295 Ark. 211, 748 S.W.2d 123 (1988). Further, our supreme court has held that a court has the inherent power to punish contemptuous behavior committed in its presence without regard to the restrictions imposed by section 16-10-108(a). *See Dowdy*, *supra*; *Morris v. State*, 2017 Ark. 157, 518 S.W.3d 70; *Burradell*, *supra*; *Yarbrough*,

---

(a) An inmate committed by any court in Arkansas to a county jail or city jail in the State of Arkansas may be entitled to a reduction, to be known as "meritorious good time", from his or her maximum term of his or her sentence to be served in the county jail or city jail.

(b)(1) Meritorious good time shall be awarded under the rules and regulations promulgated by the county sheriff or chief of police and approved by the county quorum court of the various counties or the city legislative body of the various cities.

(2) Meritorious good time shall be administered by the county sheriff or chief of police, subject to this subchapter, for good discipline, good behavior, work practices, and job responsibilities within the county jail or city jail.

*supra*. In fact, our appellate courts have previously affirmed sentences for six months' imprisonment for direct criminal contempt. *See Yarbrough*, *supra*; *Korolko v. Korolko*, 33 Ark. App. 194, 803 S.W.2d 948 (1991). Here, the circuit court clearly found appellant guilty of direct criminal attempt for disregarding its order and sentenced appellant *under its inherent power* to punish appellant's contemptuous behavior in its presence. Hence, appellant's argument that the circuit court violated section 16–10–108(a) is without merit.

While there is no precedent addressing whether a sentence for direct contempt is subject to Arkansas Code Annotated section 5-4-403(c)(1) or Arkansas Code Annotated section 12-41-101(b), we determine that the rationale in *Yarbrough* is instructive and persuasive. Because the sentence was imposed under the circuit court's inherent power, the sentence does not violate the requirement that a sentence of imprisonment for a misdemeanor must run concurrently with a sentence of imprisonment for a felony under Arkansas Code Annotated section 5-4-403(c)(1); nor does it violate the good-time-credit requirements under Arkansas Code Annotated section 12-41-101(b). As such, we must affirm.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Short Law Firm*, by: *Lee D. Short*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

8